Thomas F. REISER, and Inns-By-The-Sea, a California Corporation, Plaintiffs-Appellants,

v.

DEL MONTE PROPERTIES COMPANY, a California Corporation, et al., Defendants-Appellees.

No. 77-2418.

United States Court of Appeals, Ninth Circuit.

Oct. 4, 1979.

R. Stewart Baird, Jr., Bronson, Bronson & McKinnon, San Francisco, Cal., for plaintiffs-appellants.

Thomas J. Mellon, Jr., Chickering & Gregory, San Francisco, Cal., for defendants-appellees.

Before TUTTLE, ELY and WRIGHT, Circuit Judges.

TUTTLE,* Senior Circuit Judge:

Plaintiffs, Thomas Reiser and Inns-By-The-Sea,[1] appeal from an order of the District Court for the Northern District of California dismissing their claim for attorneys' fees arising out of their action against Del Monte Properties Company and certain officers and directors of Del Monte. We reverse and remand for further proceedings.

In 1976, the defendants drew up a proposal involving a merger of Del Monte with a subsidiary company and reincorporation of the expanded company in Delaware. Reiser, an outside director of Del Monte, first learned of the plan when a special meeting of the board of directors was called to consider the proposal. Reiser objected to the

---

* Honorable Elbert P. Tuttle, Senior U.S. Circuit Judge, Fifth Circuit, sitting by designation.

1. Plaintiff Reiser is president of Inns-By-The-Sea and a member of the board of directors of Del Monte, elected by cumulative vote of nine percent of the voting shares. Inns-By-The-Sea, a California corporation, owns 150 shares of Del Monte common stock.

plan as an attempt by management to reduce shareholder power and minority influences. At the directors' meeting, a special shareholders' meeting was called for the purpose of acting on the proposal. A proxy statement was approved in order to solicit proxies for the special meeting, which was to be held in eighteen days.

The plaintiffs then brought this action to enjoin the meeting of shareholders and to invalidate the proxies obtained through the statement. They alleged that the proxy statement was false and misleading in violation of section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and that the proposed merger violated section 5 of the Securities Act of 1933, 15 U.S.C. § 77e. After the suit was filed, but before trial the directors postponed the shareholders' meeting, withdrew the original proxy statement, and issued a new proxy statement for a modified plan. The new statement acknowledged that the issues raised in this suit were one of several reasons for the modifications in the statement.

The plaintiffs made two motions for attorneys' fees, first at the hearing at which the defendants announced their postponement of the shareholders' meeting, and again in a hearing on the 1933 Act claim. The court postponed consideration of the claims for attorneys' fees until the 1933 Act claim was resolved. When this claim was dismissed, Del Monte made a motion to dismiss the case as moot, since the challenged meeting had been postponed and the offending proxy statement withdrawn. The plaintiffs then refiled their request for attorneys' fees, contending that they had conferred a substantial benefit on the shareholders of Del Monte by causing the directors to correct a false proxy statement. The district court held, as a matter of law, that the plaintiffs were not entitled to present a claim for attorneys' fees because they had not brought the action as a class action or a derivative suit, a procedure

which the district court held was required by the Supreme Court's holding in *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). The court reasoned that an award of attorneys' fees would result in an expansion of the exceptions to the general rule prohibiting awards, a course precluded by *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 269, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Accordingly, the court dismissed the action as moot.

Although the American rule prohibits an award of attorneys' fees in the absence of a statute or contract providing for an award, *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), exceptions to the rule have developed based upon the equitable powers of the courts, *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166, 59 S.Ct. 777, 83 L.Ed. 1184 (1939), to award attorneys' fees when "overriding considerations of justice seemed to compel such a result." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. at 718, 87 S.Ct. at 1407. One of the established equitable exceptions[2] is the "common benefit" exception, which permits an award of attorneys' fees to a plaintiff whose action results in a substantial benefit to others. *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *Mills v. Electric Auto-Lite Co.*, 396 U.S. at 393–94, 90 S.Ct. 616. This exception evolved from the "common fund" cases, in which attorneys' fees were awarded to a plaintiff who sued in a representative capacity and whose litigation resulted in the creation or recovery of a fund in which others had a beneficial interest. The courts felt that fairness compelled an award from the common fund so that the beneficiaries of the litigation would also share in the expense of the suit. *See Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116, 127, 5 S.Ct. 387, 28 L.Ed. 915 (1885); *Trustees v.*

---

**2.** Other exceptions allow an award of attorneys' fees when the losing party has acted in bad faith, *F. D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), or in a contempt action

where the defendant has willfully disobeyed a court order, *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 426–28, 43 S.Ct. 458, 67 L.Ed. 719 (1923).

*Greenough,* 105 U.S. 527, 537, 26 L.Ed. 1157 (1881).

The Supreme Court later expanded the common fund exception to include cases in which a suit has the effect of establishing a fund, even though the plaintiff did not actually bring suit on behalf of a class. In *Sprague v. Ticonic National Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939), the plaintiff brought an action to impress a lien upon proceeds of certain bonds to the amount of her trust fund. By successfully litigating her claim, she established as a matter of law the claims of other trusts pertaining to the same bonds. In awarding attorneys' fees from the proceeds of the bonds, the Court emphasized that the formalities of litigation, such as the absence of an express class action, should not be a differentiating factor in the exercise of the Court's equitable power to award attorneys' fees when a fund has, for all practical purposes, been created for the benefit of others. *Id.* at 167, 59 S.Ct. 777.

In *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), the Supreme Court departed even further from the traditional application of the doctrine, holding that attorneys' fees could be awarded to a plaintiff whose litigation conferred a non-monetary benefit on others. *Id.* at 396, 90 S.Ct. 616. In *Mills,* the plaintiff brought suit derivatively on behalf of Auto-Lite and as representative of a class of minority shareholders, alleging that a proxy statement sent out by Auto-Lite managers was misleading in violation of section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a). The Court endorsed an expansion of the exception to permit an award of attorneys' fees when the plaintiff's litigation "has conferred a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." 396 U.S. at 393–94, 90 S.Ct. at 626. The Court held that the benefit conferred need not be pecuniary in nature in order to be deemed substantial. In view of congressional emphasis on fair and in-

formed corporate suffrage, the Court concluded that "private stockholders' actions of this sort 'involve corporate therapeutics' and furnish a benefit to all shareholders by providing an important means of enforcement of the proxy statute." *Id.* at 396, 90 S.Ct. at 628. For the same reasons that underlay the common fund cases, the Court considered an award of attorneys' fees an equitable means of imposing expenses on the class that benefited from the suit. *Id.* at 396–97, 90 S.Ct. 616.

The Court again applied the common benefit exception in *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). The plaintiff, a union member, brought suit individually under section 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412, claiming that his expulsion from the union for violation of a union rule violated his right of free speech under the Act. The Court found that the plaintiff, by vindicating his own right of free speech, had conferred a substantial benefit on the union and its members and was entitled to an award of attorneys' fees from the union treasury. 412 U.S. at 8–9, 93 S.Ct. 1943.

In recent years some courts, using the common benefit exception as a springboard, have created another exception by awarding attorneys' fees under a "private attorney general" theory. *See, e. g., Hoitt v. Vitek,* 495 F.2d 219, 221 (1st Cir. 1974); *Cornist v. Richland Parish School Board,* 495 F.2d 189, 192 (5th Cir. 1974); *Knight v. Auciello,* 453 F.2d 852, 853 (1st Cir. 1972). Under this theory, an award was made when a plaintiff acted "to vindicate important statutory rights of all citizens." *Wilderness Society v. Morton,* 161 U.S.App.D.C. 446, 452, 495 F.2d 1026, 1032 (D.C.Cir. 1974), *reversed sub nom. Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). This approach was expressly rejected by the Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which held that courts may not fashion far-reaching new exceptions to the American rule regarding

attorneys' fees, since that is a matter reserved to Congress. Although foreclosing the creation of new equitable exceptions, the Court approved the existing exceptions as "unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations." *Id.* at 259, 95 S.Ct. at 1622. Finding none of the established exceptions applicable, the Court held that the federal courts are not free "to fashion drastic new rules with respect to the allowance of attorneys' fees." *Id.* at 269, 95 S.Ct. at 1627.

■ The question to be decided in this case is whether an award of attorneys' fees is permissible under the existing exceptions approved in *Alyeska* or falls outside the scope of those exceptions and is thus foreclosed by *Alyeska.* We conclude that an award under the facts presented is within the permissible scope of the "common benefit" exception and is not precluded as a matter of law.

■ The *Alyeska* Court, in approving the common benefit cases, cited both *Mills* and *Hall, see* 421 U.S. at 258, 95 S.Ct. 1612, which set out the requirements for application of the exception. The plaintiff's action must confer a substantial benefit on others; the persons benefited must comprise an ascertainable class; and an award of attorneys' fees must operate to shift the costs of litigation to that group. *Hall v. Cole,* 412 U.S. at 5, 93 S.Ct. 1943; *Mills v. Electric Auto-Lite Co.,* 396 U.S. at 393–94, 90 S.Ct. 616. The Court's application of these requirements in *Mills* clearly indicates that the plaintiffs in the instant case should be allowed to present a claim for attorneys' fees. *Mills* established that an action, such as Reiser's, to enforce the proxy statutes can render a substantial service to the shareholders, a definite and easily identifiable class of beneficiaries. Furthermore, as in *Mills,* an award against the corporation

shifts the expenses of litigation to the shareholders, preventing their enrichment at the plaintiff's expense. Indeed, the instant case is so similar to *Mills* that there could be no question of the plaintiff's right to request attorneys' fees if the action had been brought as a representative suit. The district court held, however, that the *Mills* common benefit exception requires that suit be brought as a derivative action or representatively on behalf of a class.

This interpretation misconstrues the purpose and requirements of the exception as applied in *Mills* and *Hall.* Although *Mills* involved a suit brought derivatively and representatively, that fact was not essential to the Court's holding and was not discussed as a basis for the decision. The Court focused on the beneficial effect of the suit and the equitable reasons for shifting the expenses of litigation to the shareholders.[3] The crucial factor in *Mills* was that the suit had resulted in correction of a "deceit practiced on the stockholders as a group," thereby rendering an important service to the shareholders. 396 U.S. at 392, 90 S.Ct. at 625 (quoting *J. I. Case Co. v. Borak,* 377 U.S. 426, 432, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964)). *Hall v. Cole,* the Supreme Court's second application of the exception, resolves any question of whether the common benefit exception requires a representative action. Although the plaintiff in *Hall* sued individually and not to vindicate the free speech rights of all union members, the Court had no difficulty in applying the exception and found the case clearly governed by *Mills.* "[B]y vindicating his own right, the successful litigant dispels the 'chill' cast upon the rights of others." 412 U.S. at 8, 93 S.Ct. at 1948.

■ Imposition of a class action requirement would be inconsistent with the equitable foundations of the exception. In both

---

**3.** The *Mills* Court quoted the *Sprague* holding that " 'the absence of an avowed class suit . . . hardly touch[es] the power of equity in doing justice as between a party and the beneficiaries of his litigation.' " *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 393, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970) (quoting *Sprague v. Ticonic*

*National Bank,* 307 U.S. 161, 167, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). Although this was dictum since *Mills* involved a class action, it nevertheless indicates a reaffirmation of the *Sprague* holding and of the Court's emphasis, in applying the exception, on results rather than form.

the common fund and common benefit cases, the Court has refused to place form over substance, focusing instead on the actual effect of a plaintiff's suit. The Court recognized this principle in *Sprague v. Ticonic National Bank*, when it stated:

> That the party in a situation like the present neither purported to sue for a class nor formally established by litigation a fund available to the class, does not seem to be a differentiating factor so far as it affects the source of the recognized power of equity to grant reimbursements of the kind for which the petitioner in this case appealed to the chancellor's discretion. . . . [T]he formalities of the litigation . . . hardly touch the power of equity in doing justice as between a party and the beneficiaries of his litigation.

307 U.S. at 166–67, 59 S.Ct. at 780. The form of suit is not a deciding factor; rather, the question to be determined is whether a plaintiff, in bringing a suit either individually or representatively, has conferred a benefit on others. To suggest that an individual suit which corrects a violation of the proxy statutes is less beneficial than a class action accomplishing the same result would be to disregard the effect of the suit.

Since a class action or derivative suit is not a necessary prerequisite to an award of attorneys' fees under the holding in *Mills*, and since the instant case comes within the scope of the common benefit exception, *Alyeska* does not, as a matter of law, preclude an award of attorneys' fees. In *Alyeska* the Court recognized the common fund and common benefit cases as "assertions of inherent power in the courts to allow attorneys' fees in particular situations," 421 U.S. at 259, 95 S.Ct. at 1622, and prohibited only the fashioning of "drastic new rules" that go beyond the existing exceptions.

 Since it held that the plaintiffs had no right to present a claim for attorneys' fees, the district court did not reach the question of whether a claim for attorneys' fees can be presented when the underlying case has become moot. This question has been resolved by our holding in *Schmidt v. Zazzara*, 544 F.2d 412 (9th Cir. 1976). In *Schmidt*, a suit for patent infringement, the plaintiff was awarded attorneys' fees after a consent judgment had been entered. This court rejected the defendant's argument that the district court had no jurisdiction over the claim after the consent judgment was entered and held that an attorneys' fees question ancillary to the case survives independently under the court's equitable jurisdiction. *Id.* at 414. Thus, the claim of the plaintiffs here may be heard even though the defendants' actions have caused the securities claim to become moot.[4]

We hold only that the plaintiff is not precluded as a matter of law from presenting a claim for attorneys' fees, and express no opinion concerning the propriety of an award in this case, a matter within the discretion of the trial judge. *Kelly v. Guinn*, 456 F.2d 100, 111 (9th Cir. 1972), *cert. denied*, 413 U.S. 919, 93 S.Ct. 3048, 37 L.Ed.2d 1041 (1973). We therefore reverse and remand to the district court for a hearing on the plaintiffs' request for attorneys' fees.

---

4. It is not necessary to an award of attorneys' fees that a suit be litigated on the merits. *Kopet v. Esquire Realty Co.*, 523 F.2d 1005, 1008 (2d Cir. 1975); *Yablonski v. United Mine Workers*, 151 U.S.App.D.C. 253, 260, 466 F.2d 424, 431 (D.C.Cir. 1972), *cert. denied*, 412 U.S. 918, 93 S.Ct. 2729, 37 L.Ed.2d 144 (1973); *Kahan v. Rosenstiel*, 424 F.2d 161, 167 (3d Cir.), *cert. denied*, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); *Globus, Inc. v. Jaroff*, 279 F.Supp. 807, 809 (S.D.N.Y.1968). Where a case has not been litigated on the merits, the Court of Appeals for the Third Circuit has held that attorneys' fees may be awarded under the common benefit exception if the plaintiff's suit is "meritorious" and if it is the plaintiff's efforts that have caused others to benefit. *Kahan v. Rosenstiel*, 424 F.2d at 167.