**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U. S. DEPARTMENT OF LABOR, Petitioner,**

v.

**Kenneth ROBERTSON, Respondent.**

**No. 78–1741.**

United States Court of Appeals, Ninth Circuit.

Submitted May 22, 1980.

Decided Aug. 4, 1980.

George M. Lilly, Washington, D. C., on briefs, for petitioner.

C. Conrad Green, Green, Roof & Krucker, Poulsbo, Wash., on briefs, for respondent.

Before CHOY and FERGUSON, Circuit Judges, and BARTELS,* District Judge.

FERGUSON, Circuit Judge:

The government appeals a decision and order of the Benefits Review Board ("BRB") requiring the claimant's attorney's fee to be paid from the special fund established pursuant to § 44 of the Longshoremen's and Harbor Workers' Compensation Act ("the Act"), as amended 33 U.S.C. § 944.[1] We reverse.

*FACTS*

The facts of this case are undisputed. Kenneth Robertson was injured in January, 1969 in the course of his employment. His employer, Todd Shipyards, voluntarily paid $24,275 compensation for temporary total disability from the date of injury until October, 1976. Todd Shipyards then ceased making these voluntary payments because it had exceeded the statutory maximum of $24,000 for temporary total disability incurred prior to the 1972 amendments to the Act.[2] Robertson then filed a claim seeking compensation for permanent total disability. A formal hearing, as provided in § 19 of the Act, 33 U.S.C. § 919, was held on November 18, 1976. The administrative law judge ("ALJ") found that Robertson was permanently totally disabled as of October 28, 1976, the date on which Todd Shipyards had terminated payments. The ALJ awarded compensation accordingly and

---

* The Honorable John R. Bartels, Senior U. S. District Judge, Eastern District of New York, sitting by designation.

1. The BRB's decision is reported at 7 B.R.B.S. 774 (1978).

2. *See* 33 U.S.C. § 914(m) of the unamended Act. This maximum was repealed by the 1972 amendments to the Act.

ordered that Todd pay Robertson's attorney's fee.

Robertson sought reconsideration, arguing that his disability had commenced much earlier than October, 1976. The ALJ law judge thereafter amended his decision and order to show that Robertson's disability commenced on September 30, 1976, the date on which the $24,000 statutory maximum had been reached. The remaining $275 was credited against the award for permanent total disability.

The determination of the date of permanent total disability was critical, since § 10(h) of the Act, a provision added by the 1972 amendments, entitles a claimant who was permanently disabled prior to the date of the amendments to an initial adjustment in the applicable compensation rate and to annual adjustments in compensation. Robertson therefore appealed to the BRB, claiming that the ALJ's determination of the date of Robertson's disability was arbitrary and erroneous.

Robertson and the Director, Office of Workers' Compensation Programs, filed a joint stipulation to the BRB in which they agreed that the ALJ had erred and that Robertson was permanently totally disabled prior to the enactment of the 1972 amendments. They requested that the judge's amended order be vacated and the case remanded for entry of an order finding that Robertson's disability occurred prior to the enactment of the amendments.

The BRB declined to accept the stipulations, denied the motion to remand, and required Robertson to file a brief on the merits of his case. In its decision, the BRB explained that it is not empowered to reweigh the evidence and cannot review an ALJ's findings of fact without being briefed.

On the basis of briefs filed by both parties, the BRB concluded that the ALJ's finding was erroneous,[3] and modified it to find that Robertson's permanent total disability commenced prior to the enactment of the 1972 amendments. The Director's response brief had concurred on this point, but the Director had opposed Robertson's request that his attorney's fee on appeal to the BRB be paid from the special fund. The BRB concluded that the fee was to be paid from the fund because burdening the claimant with his attorney's fee would violate the purpose of the Act.

The Director appeals the fee award.[4]

DISCUSSION

█ Ordinarily, our standard of review in BRB cases is quite limited: we must affirm unless the BRB's decision is unsupported by substantial evidence on the record considered as a whole or is contrary to applicable law. *Cardillo v. Liberty Mutual Co.*, 330 U.S. 469, 478, 67 S.Ct. 801, 806, 91 L.Ed. 1028 (1947); *Cordero v. Triple A Machine Shop*, 580 F.2d 1331, 1333 (9th Cir. 1978), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979). While we may undertake a more searching review where, as here, the Director opposes the BRB's decision, *Director, etc. v. National Van Lines, Inc.*, 613 F.2d 972, 986 (D.C. Cir. 1979), we find it unnecessary to do so in this case because the BRB's decision is clearly contrary to applicable law.

I.

█ It is well established under the American Rule that a party may not generally recover attorney's fees absent statutory authorization or a contract providing for an award. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975); *Reiser v. Del Monte Properties Co.*, 605 F.2d 1135, 1137 (9th Cir. 1979). In the instant case, the statute does not provide for the

---

3. Todd Shipyard's motion to be dismissed as a party plaintiff, filed upon receipt of Robertson's brief, was unopposed and was granted by the BRB on September 9, 1977.

4. We assume for purposes of this opinion that 28 U.S.C. § 2412, which prohibits the award of

attorney's fees against the United States, is inapplicable to the special fund. We find it unnecessary to resolve the issue as a decision on this point would not affect the result reached here.

payment of counsel fees from the fund and there is no applicable contract. Nor does this case fall within one of the established exceptions to the American Rule. Consequently, the BRB erred as a matter of law in ordering the payment of counsel fees from the fund, and we must reverse.

Contrary to claimant's assertions, the Act does not provide for the payment of attorneys' fees to all successful claimants. Section 28 of the Act, 33 U.S.C. § 928,[5] limits the award of attorneys' fees to those cases in which the employer or carrier disputes the existence or extent of an obligation to pay compensation. It is the employer or carrier who must pay the claimant's attorney's fee in those cases, and not the special fund. Section 44(j) of the Act, 33 U.S.C. § 944(j), provides that the proceeds of the fund shall be available for (1) payment of the initial and subsequent annual adjustments in compensation for total and permanent disability or death which occurred prior to the effective date of the 1972 amendments, (2) payment of additional compensation for injury increasing disability, assistance for employees undergoing vocational rehabilitation and payment for medical treatment where the employer defaults, (3) reimbursement to the Treasury, and (4) defraying the expenses of medical examinations. It does not provide for the payment of attorneys' fees.[6] Congress clearly recognized that the responsibility

---

5. Section 28 of the Act, 33 U.S.C. § 928, provides in part:

(a) If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation . . . a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court . . . . .

(b) If the employer or carrier pays or tenders payment of compensation without an award pursuant to section 914(a) and (b) of this title, but thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. If the employer or carrier refuse to accept such written recommendation . . . they shall pay or tender to the employee in writing the additional compensation, if any, to which they believe the employee is entitled. If the employee refuses to accept such payment or tender of compensation, and thereafter utilizes the services of any attorney at law, and if the compensation thereafter awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee based solely upon the difference between the amount awarded and the amount tendered or paid shall be awarded in addition to the amount of compensation . . . . In all other cases any claim for legal services shall not be assessed against the employer or carrier.

(c) In all cases fees for attorneys representing the claimant shall be approved in the manner herein provided . . . . An approved attorney's fee, in cases in which the obligation to pay the fee is upon the claimant, may be made a lien upon the compensation due under an award . . . . .

6. Several circuits have held the Black Lung Disability Trust Fund liable for attorney's fees incurred by claimants of black lung benefits whose last coal mine employment terminated prior to 1970. *See Director, etc. v. Black Diamond Coal Co.,* 598 F.2d 945 (5th Cir. 1979); *Director, etc. v. Leckie Smokeless Coal Co.,* 598 F.2d 881 (4th Cir. 1979); *Director, etc. v. South East Coal Co.,* 598 F.2d 1046 (6th Cir. 1979); *Republic Steel Corp. v. U.S. Department of Labor,* 590 F.2d 77 (3rd Cir. 1978). The statute which created that fund, the Federal Coal Mine Health & Safety Act of 1969, 30 U.S.C. § 901 et seq., was amended in 1978, and § 28(a) of the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C. § 928(a), (*see* footnote 3, *supra* ), was incorporated by reference. A separate section was added, however, providing that references to the *employer* in the Longshoremen's Act are to be considered to refer to the *trustees* of the black lung fund. Those circuits which have considered the issue have held that these provisions constitute specific statutory authorization for the award of counsel fees from the fund. Since the trustees of the black lung fund are substituted for the employers in § 28(a) of the Longshoremen's Act, the black lung fund is liable for counsel fees if the conditions precedent to liability set out in § 28(a), *i. e.,* the employer controverts the existence of extent or liability and the claimant utilizes an attorney in the successful prosecution of his claim, are satisfied. Con-

for fees would occasionally fall on claimants, since it provided that approved [7] attorneys' fees, ". . . in cases in which the obligation to pay the fee is upon the claimant, may be made a lien upon the compensation due under an award . . . ." § 28(c) of the Act, 33 U.S.C. § 928(c). Thus, although the intent of Congress in passing the Act was to aid longshoremen, *Reed v. S.S. Yaka*, 373 U.S. 410, 415, 83 S.Ct. 1349, 1353, 10 L.Ed.2d 448 (1963), Congress did not intend that aid to extend to the payment of attorneys' fees in other than limited circumstances.[8]

Moreover, this court has previously recognized the limitations on counsel fee awards under § 28. In *Portland Stevedoring Co. v. Director*, 552 F.2d 293 (9th Cir. 1977), we reversed the BRB's order for fees on appeal against the employer when the BRB's order had not established the existence or extent of the employer's liability. We held that § 28 ". . . provides for direct payment of attorney's fees by an employer only when a claim involving the existence or extent of liability is resisted by an employer and is subsequently successfully prosecuted by claimant's attorney." *Id.* at 294. Similarly, in *National Steel & Shipbuilding Co. v. U.S. Dept. of Labor*, 606 F.2d 875 (9th Cir. 1979), we held that Congress intended to limit liability for counsel fees to cases in which the parties disagreed on the existence or extent of liability. *Id.* at 882. The case

before us simply did not involve such a dispute.

The claimant also points to § 44(j)(2) of the Act, 33 U.S.C. § 944(j)(2), in support of his contention that awarding him his attorney's fee from the special fund is not repugnant to the purposes of the fund. His reliance on that provision is misplaced. That subsection, in part, provides that the proceeds of the fund shall be available for payments under § 39(c) of the Act. Section 39(c)(1), 33 U.S.C. § 939(c)(1), grants the Secretary of Labor discretion to provide "legal assistance in processing a claim." Robertson, however, is not requesting assistance *in processing his claim*; rather, he is requesting an award for fees after he has himself obtained legal assistance and has fully processed his claim.

This interpretation [9] of the language of § 39(c)(1) is supported by the legislative history of the 1972 amendments, which indicates that Congress intended the provision to empower the Secretary to provide legal *counsel* in needy cases:

The bill also makes legal assistance in processing the claim for benefits under this Act available in needy cases upon request subject to the Secretary's discretion. It is the committee's desire that the Secretary construe this provision as liberally as possible so as to provide any work-

---

gress found it necessary to provide for this substitution in order to provide that counsel fees be paid out of the black lung fund; it legislated no such substitution for the Longshoremen's Act, and we will not judicially mandate that such a substitution be made in this case.

**7.** Section 28(c) of the Act, 33 U.S.C. § 928(c), mandates the approval by the BRB or court of all fees for attorneys representing claimants. *See* footnote 3, *supra*.

**8.** The legislative history of the 1972 amendments to the Act supports our analysis:

H.R. 12006 amends section 28 of the Act to authorize assessment of legal fees against employers in cases where the existence or extent of liability is controverted and the claimant succeeds in establishing liability or obtaining increased compensation in formal proceedings or appeals. Attorneys fees may *only be awarded against the employer where*

the claimant succeeds . . . . *Attorneys fees may not be assessed against employers (or carriers) in other cases.*

In all cases, the amount of attorneys fees payable to the claimants lawyer (either by the employer *or the claimant*) is subject to approval . . . .

H.R.Rep. No. 92–1441, 92nd Cong., 2d Sess. 9, *reprinted in* [1972] U.S.Code Cong. & Admin. News, pp. 4698, 4706 (emphasis supplied).

**9.** We are mindful of our duty to construe this provision and all other provisions of the Act liberally in light of the Act's purpose. *See id.; Reed v. S.S. Yaka, supra*, 373 U.S. at 415, 83 S.Ct. at 1353. We cannot, however, disregard the plain meaning of the statute or its legislative history, nor may we create rights not given or implied by the terms of the Act. *See Maryland Shipbuilding & Drydock Co. v. Jenkins*, 594 F.2d 404, 406 (4th Cir. 1979).

er in need of legal assistance such counsel
. . . .

H.R.Rep. No. 92–1441, *supra* at 13, reprinted in [1972] U.S.Code Cong. & Admin.News, pp. 4698, 4710 (emphasis supplied).[10]

## II.

As the foregoing discussion demonstrates, the Act does not provide for the payment of attorney's fees from the special fund, and the American Rule therefore operates to preclude an award of attorney's fees from the fund in the usual case. *Alyeska Pipeline Service Co. v. Wilderness Society, supra*, 421 U.S. at 247, 95 S.Ct. at 1616. Several exceptions to the American Rule have developed, however, based on the "equitable powers of the court . . . to award attorneys' fees when 'overriding considerations of justice seem to compel such a result' . . . ." *Reiser v. Del Monte Properties Co., supra*, 605 F.2d at 1137, citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967). Exceptions have been established for cases in which the claimant's action results in a substantial benefit to others or in the creation or recovery of a fund in which others were interested, where the losing party has acted in bad faith, or where the defendant in a contempt action has wilfully violated a court order. *Reiser v. Del Monte Properties Co., supra*, 605 F.2d at 1137–38.

Robertson appears to claim that he is entitled to counsel fees under the "bad faith" exception. He argues that the BRB precluded an early resolution of the controversy by requiring briefing rather than relying on the stipulation by Robertson and the Director, thereby forcing him to incur further fees.

This argument must fail. The "bad faith" exception provides for the awarding of attorney's fees when the losing party has acted vexatiously or oppressively, and the rationale underlying the exception is therefore punitive. *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); *Reiser v. Del Monte Properties Co., supra*, 605 F.2d at 1137. There is simply no reason for punitive action here. Even if there were any evidence of bad faith on the part of the BRB in requiring briefing, the BRB is not Robertson's opponent here, as the BRB would not be the losing party were we to sustain the award of fees from the special fund. *See Hall v. Cole, supra*, 412 U.S. at 5, 93 S.Ct. at 1946; *Union Bank v. Winnebago*, 528 F.2d 95, 99 (9th Cir. 1975). Robertson's adversary in this litigation is the Director, and there is no evidence in the record of any vexatious conduct on the Director's part; on the contrary, the Director supported Robertson's contention that the ALJ's decision was arbitrary and erroneous. Similarly, there is no evidence in the record to support an argument that the Director's position in this lawsuit was undertaken in bad faith.

Furthermore, even if we were to countenance a transfer of motive from the BRB to the Director, there is no evidence in the record to support a finding of bad faith on the part of the BRB. Most obviously, it was the BRB which awarded Robertson his attorney's fee. Additionally, there is no evidence that the BRB acted in bad faith in requiring briefing by the claimant. The BRB refused to review the ALJ's findings without being briefed because it was precluded from doing so under applicable regulations. These regulations provide that the Board cannot engage in a *de novo* review of a case before it, but must affirm if the ALJ's findings are supported by substantial evidence in the record considered as a whole. 20 C.F.R. § 802.301 (1979).[11] Fur-

---

**10.** The claimant also points to the discretionary use of proceeds by the Secretary provided by § 39(c)(2) of the Act, 33 U.S.C. § 939(c)(2). That section, however, concerns rehabilitation services only and is therefore inapplicable here.

**11.** The BRB incorrectly relied on the case of *South Chicago Coal & Dock Co. v. Bassett*, 104 F.2d 522 (7th Cir. 1939), *aff'd*, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732 (1940), for the proposition that it could not reweigh the evidence in the record. That case held that the *court* could not reweigh the evidence but was restricted to a review of the record for substantial evidence supporting the decision of the ALJ. *Id.* at 528. This error does not affect our result, however,

ther regulations provide that a notice of appeal must be filed with the BRB, 20 C.F.R. § 802.201, followed by a petition for review containing "a statement indicating the specific contentions of the petitioner and describing with particularity the substantial questions of law or fact to be raised by the appeal." 20 C.F.R § 802.210. A brief or other statement is to accompany such a petition for review. *Id.* These regulations apply to all appeals, 20 C.F.R. § 802.101,[12] and the BRB was therefore merely following applicable regulations in denying the Director's motion to vacate the finding of the ALJ based on the submission of a stipulation. Whatever we may think of the efficiency of these procedures as applied in this case, the BRB's adherence to them can in no way support a finding of bad faith.

### III.

■ Robertson would have us create a new exception to the American Rule to allow the fee award to stand. He relies on the Supreme Court's decision in *Fleischmann Distilling Corp. v. Maier Brewing Co.*, *supra*, in which the Court held that exceptions have been sustained where compelled by "overriding considerations of justice." *Id.* 386 U.S. at 718, 87 S.Ct. at 1407. Robertson correctly points out that exceptions have not been developed in the context of statutory causes of action for which the legislature has prescribed intricate remedies, *id.* at 719, 87 S.Ct. at 1407,[13] and adds that the remedies available under the Longshoremen's Act are not at all complex. We

are unconvinced, however, that the mere fact the Robertson's statutory remedies are not complex compels us to create a new exception to the American Rule. This case simply fails to present the kind of circumstances which would prompt us to forge such an exception. *See Locklin v. Day-Glo Color Corp.* 468 F.2d 1359, 1361 (9th Cir. 1972).[14]

■ While we recognize that the policy of the Act is to aid longshoremen and harbor workers,[15] we have noted that Congress provided for the payment of counsel fees in certain situations and we therefore infer that Congress concluded that those fee provisions adequately protect workers covered by the Act. Essentially, Robertson's complaint is that it is unfair to burden him with the costs of his appeal to the BRB; as such, he is merely restating the frequently repeated criticism of the American Rule. Of course, as the Supreme Court reiterated in · *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 131, 94 S.Ct. 2157, 2166, 40 L.Ed.2d 703 (1974), we are not free to rewrite the American Rule in the face of this criticism. See *id.* at 128–129, 94 S.Ct. at 2164–2165. The *Rich* case involved a claim under the Miller Act, 40 U.S.C. § 270a *et seq.* Although that statute provides that claimants should receive "sums justly due," 40 U.S.C. § 270b, the Supreme Court held that counsel fees were not recoverable by claimants unless they present a case which falls within one of the recognized exceptions to the American Rule. *Id.* at 128, 94 S.Ct. at 2164. The fact that Miller Act claimants would not be made whole unless fee-shifting were

since BRB regulations provide for the same restricted review by the BRB as is required of the courts by the *South Chicago Coal* case. Furthermore, there is no evidence in the record which would support an inference that the BRB's reliance on the case was in bad faith.

**12.** 20 C.F.R. § 802.219 allows the BRB to set up informal procedures to be followed by a party to an appeal who is not represented by counsel. Since Robertson was represented by an attorney at all relevant times, this section is irrelevant to our discussion.

**13.** In *Fleischmann*, the Court held that courts may not award counsel fees in trademark cases brought under the Lanham Act, 15 U.S.C.

§§ 1051–1127, and cited the "meticulously detailed" remedies available to a plaintiff who proves that his valid trademark has been infringed. *Id.* 386 U.S. at 719, 87 S.Ct. at 1407.

**14.** We are further restrained from forging a new exception by the Supreme Court's holding in *Alyeska, supra*, 421 U.S. at 262, 95 S.Ct. at 1624: ". . . [I]t is apparent that the circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine." (footnote omitted).

**15.** See discussion *supra*.

permitted was not persuasive to the Court, as that is simply the consequence of adherence to the American Rule. The Court was unwilling to "substantially undercut the application of the American Rule" in Miller Act commercial litigation, *id.* at 131, 94 S.Ct. at 2166, and we are similarly unwilling to undercut the Rule's application in Longshoremen's Act litigation.[16]

We therefore grant the petition for review and reverse the order of the Benefits Review Board.

---

16. The Director's request for oral argument is denied as moot by reason of this disposition.