Ramona LORING and Lester Loring, wife and husband, for and on behalf of themselves and approximately 200 other members of the Salt River Pima-Maricopa Indian Community similarly situated, Plaintiffs-Appellants,

and

Herman Grey, et al., as objecting class members, Plaintiffs-Appellees,

v.

The CITY OF SCOTTSDALE, ARIZONA, a municipal corporation, Defendant.

No. 83–1679.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 14, 1983.

Decided Nov. 30, 1983.

Wayne C. Arnett, Patten, Montague & Arnett, Tempe, Ariz., for plaintiffs-appellants.

Clifford Sherr, Scottsdale, Ariz., for plaintiffs-appellees.

Richard Wilks, Phoenix, Ariz., for Herman Grey & Amicus Salt River Pima-Maricopa Indian Comm.

Before DUNIWAY, Senior Circuit Judge, and ALARCON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Plaintiffs filed a class action suit on behalf of various members of the Salt River Pima-Maricopa Indian Community. They

sought to establish that the City of Scottsdale, Arizona had unlawfully taken a right-of-way over land belonging to the class. The litigation resulted in a settlement whereby the district court entered a judgment establishing that the City had no valid right-of-way, plaintiffs' class was entitled to $60,500 as trespass damages and prepaid rent for two years into the future, and that the City might continue to use the land for an additional two years by paying plaintiffs' class $6,000 per year.

The district court judgment also awarded plaintiffs' attorneys $20,166.66 in fees, one-third of the $60,500 damage award. Plaintiffs appeal the method by which the district court calculated attorneys' fees. We reverse and remand for determination of an appropriate fee.

The general American rule is that attorneys' fees are not recoverable. An established exception exists where a plaintiff produces a "common-fund" for a group of others as well as for plaintiff. Modernly this exception extends to situations where a "substantial benefit" has been conferred upon the members of an ascertainable class, despite the fact the benefit is not monetary. *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 392–97, 90 S.Ct. 616, 625–28, 24 L.Ed.2d 593 (1970). In *Mills,* minority shareholders successfully sued for breach of federal securities laws governing proxy solicitations both derivatively and as a class. The suit benefited the corporation and other shareholders. The Court held that those benefiting from the suit were required to contribute equally to the litigants' expenses, regardless of the fact the suit might never produce a monetary recovery. 396 U.S. at 392, 90 S.Ct. at 625. *Cf. Reiser v. Del Monte Properties Co.,* 605 F.2d 1135, 1139 (9th Cir.1979) (plaintiff entitled to fees in case analogous to *Mills,* but not filed as either a class or derivative action).

The district court appears to have considered only the $60,500 cash recovery in setting attorneys' fees. The judge was aware that there might be additional benefits to the plaintiffs' class if the City were to condemn the right-of-way, but he held that attorneys' fees based on such a possible future benefit would be awarded only when the benefit was realized. This is not appropriate. The court failed to take into account the present nonmonetary benefit bestowed upon plaintiffs' class by negation of the City's claim to a right-of-way. On remand the court should consider the total benefits of the litigation to plaintiffs' class.[1]

We note that one of the issues raised by the parties, whether a lien can be placed on the land in question, is irrelevant to our holding. Our concern is with calculation of an appropriate fee. Whether that fee can be collected by placing a lien on the land in question is an issue which is not before this court.

While the basis for an award of fees in this case is the common-benefit theory, ultimately the court must determine the appropriate amount of the fee using the factors enunciated by this court in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). *See In Re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1021 (5th Cir.1977) (same factors as in *Kerr,* held applicable to common-fund case); *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.,* 540 F.2d 102, 118 (3d Cir.1976) (applying multi-factor analysis similar to that in *Kerr* in common-fund case).

Although the trial court need not consider all twelve *Kerr* guidelines in every case, the court abuses its discretion by completely disregarding *Kerr.* "[T]he need for meaningful review requires remand where, as here, the record on appeal fails to indi-

---

1. On remand the district court is not directed to award a fee of one-third of this greater amount as plaintiffs requested in their brief. The district court should simply consider the total benefit conferred in calculating an appropriate fee under *Kerr.* If the total attorneys' fee exceeds the $60,500 monetary recovery, the district court must allocate the remainder among the class members in proportion to the nonpecuniary benefit each receives through negation of the right-of-way, assuming all members are not benefited equally.

cate which, if any, of the *Kerr* guidelines were considered." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 838–39 (9th Cir.1982).

On remand, the district court should determine the appropriate attorney's fee to be awarded, based on the *Kerr* factors. In particular, consideration should be given to the hours spent by plaintiffs' counsel, the customary rate for such services, the total results obtained, whether some multiplier is justified by the contingent nature of the case, the novelty and difficulty of the questions involved and contentions that unnecessary time was spent in litigation because of failure to properly allege jurisdiction in plaintiffs' initial complaint. This is not, however, intended to be an all-inclusive list.

The amount of attorneys' fees awarded by a trial court will not be disturbed on appeal absent an abuse of discretion. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d at 69. Because the trial court failed to consider the value of clearing the land of the easement and the *Kerr* criteria we

REVERSE and REMAND.