759 F.2d 702
 Wallace PERRY, as Trustee of the estates of Boyd James
O'Donnell and Joan O'Donnell, Bankrupts; and
Walter L. Goodwin, III, a single man,
Plaintiffs- Appellees,
v.
Boyd James O'DONNELL, a married man; Joan O'Donnell, a
divorced woman; Richard M. Moneymaker and Marie
Moneymaker, his wife, et ux., et al., Defendants,
and
Nancy Olson, Appellant.
 No. 84-1677.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 11, 1985.*
Decided April 30, 1985.
 
 Russell Piccoli, Phoenix, Ariz., for plaintiffs-appellees.
 Michael B. Scott, Hiner, Crowe & Scott, Phoenix, Ariz., for appellant.
 Appeal from the United States District Court for the District of Arizona.
 Before HUG, SCHROEDER and HALL, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 Appellee Wallace Perry (Perry) is the acting trustee for the bankruptcy estate of Boyd O'Donnell (O'Donnell). In April 1980, Perry filed suit against O'Donnell and numerous other defendants alleging a scheme to defraud the O'Donnell bankruptcy estate. Appellant Nancy Olson (Olson) was not named a defendant in the underlying fraud suit.
 
 
 2
 In July 1982, the district court issued a temporary restraining order prohibiting O'Donnell, his agents and assigns from transferring the proceeds of his divorce settlement. On June 2, 1983, Olson was found in civil contempt for disobeying the July 1982 order. Olson did not appeal the order finding her in contempt. On November 3, 1983, Perry moved for attorneys' fees and for the expenses incurred in successfully prosecuting Olson for civil contempt. The district court granted the motion and entered a judgment against Olson for $28,611.25 in attorneys' fees and expenses. Olson filed the present appeal of the award of fees and expenses. The remainder of the underlying fraud action is still pending below.I. STANDARD OF REVIEW.
 
 
 3
 The district court's interpretation of the judicial exceptions to the American Rule, which ordinarily precludes an award of attorneys' fees, is a legal question subject to de novo review. See Carson-Truckee Water Conservancy Dist. v. Secretary of the Interior, 748 F.2d 523, 524 (9th Cir.1984), cert. denied, Nevada v. Hodel, --- U.S. ----, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985). If the district court applied the correct legal standard, however, whether to award fees and the amount of the fees to be awarded are reviewed for an abuse of discretion. Id. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).
 
 
 4
 II. TIMELINESS OF REQUEST FOR FEES.
 
 
 5
 Olson maintains that attorneys' fees must be awarded when the contempt order is entered or when the fine for contempt is imposed. This argument is without merit.
 
 
 6
 In the absence of a specific statutory or local rule time restriction, a fee request "is timely if filed within a reasonable period after entry of judgment and if it does not unfairly surprise or prejudice the affected party." McQuiston v. Marsh, 707 F.2d 1082, 1084 (9th Cir.1983). See White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 454 & n. 16, 102 S.Ct. 1162, 1168 & n. 16, 71 L.Ed.2d 325 (1982). We have held fee requests to be timely even though they were filed three months or more after final judgment was entered. See Masalosalo ex rel. Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir.1983) (101-day delay); McQuiston, 707 F.2d at 1084 (three-month delay).
 
 
 7
 In the present case, Perry filed a memorandum in February 1983 (before Olson was found in contempt) requesting fees for prosecuting Olson's contempt. Olson thus knew Perry would seek fees over eight months before Perry filed papers supporting the fee request. We conclude that the fee request did not prejudice or surprise Olson and that the delay in filing the request was not unreasonable in light of Perry's continuing efforts from July through October 1983 to enforce the district court's orders even after Olson was found in contempt. The fee request was timely.
 
 
 8
 III. WILLFUL CONTEMPT.
 
 
 9
 Olson contends that a finding of willfulness is a prerequisite to an award of attorneys' fees in civil contempt actions and that the district court erroneously failed to make an express finding of willfulness before awarding attorneys' fees to Perry. We hold that civil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial measure.
 
 
 10
 Under the American Rule, successful litigants ordinarily are not entitled to recover attorneys' fees absent statutory authorization or an enforceable contract. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). Several judicial exceptions to the American Rule have developed, however, "based upon the equitable powers of the courts ... to award attorneys' fees when 'overriding considerations of justice [seem] to compel such a result.' " Reiser v. Del Monte Properties Co., 605 F.2d 1135, 1137 (9th Cir.1979) (quoting Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967)). In Alyeska the Court mentioned only three judicial exceptions to the American Rule: (1) when a litigant preserves or recovers a fund for the benefit of others; (2) when a losing party acts in bad faith; or (3) in a contempt action for willful disobedience of a court order. Alyeska, 421 U.S. at 257-59, 95 S.Ct. at 1621-22. Olson contends that Alyeska requires an express finding of willfulness, citing the Court's holding that courts may not fashion additional far-reaching exceptions to the American Rule because that is a matter for Congress. Id. at 269, 95 S.Ct. at 1627. Olson also relies on several of our decisions that used the phrase "willful contempt" when describing the three Alyeska exceptions to the American Rule.
 
 
 11
 It is not clear, however, that an express finding of willfulness is required for awards of attorneys' fees in civil contempt actions. Alyeska and the decisions of this court cited by Olson were not contempt cases; therefore, they did not have to address the issue of whether an express finding of willfulness is necessary. See Alyeska, 421 U.S. at 269-70, 95 S.Ct. at 1627-28 (1975) (rejecting "private-attorney-general" exception); Director, Office of Workers' Comp. Programs v. Robertson, 625 F.2d 873 (9th Cir.1980) (rejecting claim for fees under "bad faith" exception); Reiser, 605 F.2d at 1139 (applying "common benefit" exception). Moreover, the Court in Alyeska cited Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923), as creating the willful contempt exception. Alyeska, 421 U.S. at 258, 95 S.Ct. at 1622. In Toledo, however, the Court upheld an award of attorneys' fees for contempt of court without ever mentioning the "willful" nature of the contempt. Toledo, 261 U.S. at 426, 43 S.Ct. at 465.
 
 
 12
 Although willfulness is a necessary element of criminal contempt, we find it significant that civil contempt may be established even though the failure to comply with the court order was unintentional. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949); Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984); NLRB v. Blevins Popcorn Co., 659 F.2d 1173, 1183 (D.C.Cir.1981). The distinction is made between civil and criminal contempt because the purpose of criminal contempt is punishment while the purpose of civil contempt is remedial. See Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir.1983) (one purpose of civil contempt is "to compensate the contemnor's adversary for the injuries which result from the noncompliance").
 
 
 13
 Attorneys' fees frequently must be expended to bring a violation of an order to the court's attention. An inflexible rule requiring the denial of fees when civil contempt is not "willful" would prevent the party proving the contempt from being fully compensated in many cases. We therefore conclude that the trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure. The rationale for our decision has been well-stated by the Fifth Circuit:
 
 
 14
 That Alyeska lists among the judicially created exceptions to the "American Rule" the "willful disobedience of a court order" does not abrogate the existence of the inherent authority of a court to enforce its orders by whatever means, without abusing its discretion. It matters not whether the disobedience is willful, the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order.
 
 
 15
 Cook v. Ochsner Found. Hosp., 559 F.2d 270, 272 (5th Cir.1977).
 
 
 16
 The result reached in this case and in Cook is supported by decisions from two other circuits. In Commodity Futures Trading Comm'n v. Premex, Inc., 655 F.2d 779, 784 (7th Cir.1981), the defendants contended that they could not have known that their employee would disseminate, contrary to firm policy, literature which violated the district court's order. After noting that "[g]ood intentions cannot sterilize conduct otherwise contemptuous," the Seventh Circuit affirmed an award of fees and expenses for civil contempt. Id. at 784-86 & n. 11. In TWM Mfg. Co. v. Dura Corp., 722 F.2d 1261, 1273 (6th Cir.1983), a finding of criminal contempt was reversed because the evidence did not establish beyond a reasonable doubt that the defendant willfully disobeyed the district court's order. Nonetheless, the Sixth Circuit noted that willfulness was not an element of civil contempt and remanded for a determination of whether an award of fees and expenses might be appropriate as a consequence of civil contempt. Id. But see Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130 (2d Cir.1979) (stating, without analysis, that fees would be awardable on remand if civil contempt was willful).
 
 
 17
 The present case is a good illustration of the need for a flexible approach to awarding fees and expenses in civil contempt. Even though the district court did not make an express finding of willful contempt, it concluded that: (1) Olson was served with the injunction prohibiting transfer of the proceeds of O'Donnell's divorce settlement; (2) Olson was aware of the contents of the injunction; (3) notwithstanding the injunction, Olson cashed a $35,000 check given to her by O'Donnell's lawyer; and (4) Olson did not comply with the court's order to deposit the $35,000 with the court even after she was found in contempt and a bench warrant was issued for her arrest. The district court did not abuse its discretion in awarding fees and expenses based upon these facts.
 
 
 18
 IV. KERR RULE.
 
 
 19
 Olson argues that the district court abused its discretion by awarding attorneys' fees without considering the guidelines specified in Kerr, 526 F.2d at 70. Ordinarily, the failure to follow the Kerr guidelines constitutes an abuse of discretion. See Laborers Clean-Up Contract Admin. Trust Fund v. Uriarte Clean-Up Serv., Inc., 736 F.2d 516, 525 (9th Cir.1984). In the present case, however, Olson contested only Perry's entitlement to a fee award below. Olson failed to challenge the reasonableness of the amount of the fee award requested before the district court. In similar circumstances involving an award of fees under Rule 37(b)(2), Fed.R.Civ.P., we held that the appellant's failure to object to the amount of the fee request resulted in the issue not being preserved on appeal. Falstaff Brewing, 702 F.2d at 784. Cf. Dutrisac v. Caterpillar Tractor Co., 749 F.2d 1270, 1276 n. 4 (9th Cir.1983) (declining to reverse attorney's fees awarded as damages where appellant failed to challenge reasonableness of amount awarded and appellant had not shown any prejudice resulting from the court's failure to explain how it determined amount). Although we do not condone the district court's failure to consider the Kerr factors, the issue of the amount of the fee award is not properly before us.
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 28 U.S.C.A. 9th Cir.R. 3(f) and Fed.R.App.P. 34(a)