996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas G. OLSEN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Triple
A Machine Shop, Inc., Respondents.
 Nos. 91-70642, 92-70444.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1993.
Decided June 25, 1993.
 
 Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas G. Olsen petitions for review of a final decision and order of the Benefits Review Board, affirming an administrative law judge's denial of Olsen's claim brought under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Olsen argues that his vocational rehabilitation plan was improperly terminated by the Office of Workers' Compensation Programs of the Department of Labor. Olsen also appeals from the Board's Order, dated May, 18, 1992, approving a total attorney's fee of $3,600 to be paid directly to Olsen's counsel by Olsen. We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.
 
 
 3
 * We review the Board's decision for "errors of law and adherence to the substantial evidence standard." Port of Portland v. Director, Office of Workers' Compensation Programs, 932 F.2d 836, 838 (9th Cir.1991). Although we "defer to the statutory interpretations of the Director of the Office of Workers' Compensation Programs," we merely "respect reasonable interpretations by the Board." Id.; see also Todd Shipyards Corp. v. Director, Office of Workers' Compensation Programs, 848 F.2d 125, 126-27 n. 2 (9th Cir.1988).
 
 II
 
 4
 Olsen first argues that he was denied due process by the ALJ's refusal to allow Olsen to present certain post-hearing evidence rebutting the deposition testimony of Smith, the OWCP rehabilitation specialist, and Lippmann, Olsen's vocational rehabilitation counselor, both of whom testified as to Olsen's failure to maintain proper contact, or otherwise "cooperate" with the OWCP. Specifically, Olsen asserts that the ALJ improperly denied Olsen the opportunity to testify a second time, and improperly excluded the affidavit of Henry Lopez.
 
 
 5
 Olsen's argument is without merit. The Board's determination that the ALJ did not abuse his discretion by excluding Olsen's evidence is supported by substantial evidence. The ALJ properly concluded that Olsen's additional testimony would unnecessarily prolong the proceedings and would be cumulative, as the substance of Olsen's proffered testimony--his cooperation with the OWCP--was contained in two letters, one written by Olsen, admitted into evidence as Olsen's sworn affidavits. Similarly, the ALJ correctly rejected the Lopez affidavit after determining that the affidavit and its attached exhibits, a letter dated December 14, 1985, and a letter dated February 15, 1985, were "unauthorized ex parte communications."[1]
 
 III
 
 6
 Second, Olsen argues that the ALJ's finding that he lacked credibility was clear error. However, Olsen's challenge to the ALJ's credibility determination was not raised before the Board. Accordingly, we decline to review it. See Bolker v. CIR, 760 F.2d 1039, 1042 (9th Cir.1985) ("[a]s a general rule, we will not consider an issue raised for the first time on appeal").
 
 IV
 
 7
 Third, Olsen claims that the Board erred in concluding that his rehabilitation plan was properly terminated by the OWCP. Specifically, Olsen asserts that the Board and the ALJ misinterpreted and misapplied 20 C.F.R. § 702.506(c). Section 702.506(c) provides that:
 
 
 8
 Training may be terminated if the injured employee fails to cooperate with the Department of Labor or with the agency supervising his course of training. The employee shall be counseled before training is terminated.
 
 
 9
 Arguing that the regulation's counseling requirement is absolute, Olsen contends that the Board's holding--"that claimant's failure to maintain contact with OWCP during the three months prior to the termination of his vocational rehabilitation plan excused OWCP of its duty to counsel claimant before such termination was undertaken, since the Act does not require that OWCP search for an uncooperative and seemingly missing person"--was error.
 
 
 10
 Olsen's argument fails--the Board's construction and application of section 702.506(c) is reasonable. Olsen's vocational training was terminated due to his failure to follow the vocational rehabilitation plan and his failure to stay in contact with his vocational counselor. Lippmann, the individual directly responsible for Olsen's rehabilitation, made eight unsuccessful attempts to communicate with Olsen during the three months preceding the termination of Olsen's rehabilitation plan. Counseling could not have occurred in Olsen's absence; rather than effecting a "unilateral" amendment to section 702.506(c), the Board applied the regulation in a logical, common sense manner.[2]
 
 V
 
 11
 Finally, Olsen argues that his appeal from the Board's May 18, 1992 order allowing attorney's fees should be dismissed. We disagree. As a practical matter, the Board's order is final, and we therefore have jurisdiction. As Olsen concedes that Director, Office of Workers' Compensation Programs v. Robertson, 625 F.2d 873, 877-78 (9th Cir.1980) specifically held that the Special Fund created by Section 44 of the Act, 33 U.S.C. § 944, cannot be held liable for Section 28 attorneys' fees, Olsen's challenge to the Board's fee award fails.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As the Director notes, even if Olsen's rejected evidence were sufficient to establish that he maintained the required contact with the OWCP, Olsen's undisputed failure to complete his coursework, to provide his grades to his counselor, and to attend the 1986 summer session constitutes a failure "to cooperate" with the OWCP, and thus independently supports termination of Olsen's vocational training. Any error by the ALJ with respect to the admission of evidence is therefore rendered harmless
 
 
 [2]
 Olsen argues that certain language contained in the written decisions issued by the ALJ and the Board--e.g. that Olsen's benefits are terminated and that he is entitled to "no further rehabilitation benefits"--is ambiguous. Olsen maintains that these statements may be reasonably construed as either a termination of benefits under the program pursued by Olsen in 1986, or alternatively, as a bar to all of Olsen's further attempts at rehabilitation. Olsen asserts that if the latter interpretation is adopted, the ALJ and the Board were without any statutory or regulatory authority to make such an order
 While we note that the Director expressly disagrees that the written orders by the Board and the ALJ are susceptible to Olsen's dual interpretations, and states that any limitation on Olsen's future vocational rehabilitation clearly would be improper, the question of Olsen's eligibility for uncertain future benefits is not properly before us.