**PORTLAND STEVEDORING COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Dale M. Loiselle, Respondents.**

No. 75–3351.

United States Court of Appeals, Ninth Circuit.

April 18, 1977.

John R. Dudrey, Fredrickson, Tassock, Weisensee, Barton & Cox, Portland, Ore., submitted briefs, for petitioner.

Ronald E. Meisburg, George M. Lilly, Washington, D. C., submitted briefs, for respondents.

Before MERRILL, WRIGHT and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner-employer Portland Stevedoring Company (Portland) seeks review of an order of the Benefits Review Board (Board) which awarded the attorney of respondent-claimant Dale M. Loiselle a fee of $400 to be paid directly by employer to Loiselle's attorney in a lump sum.

Loiselle was injured on February 7, 1965. On March 4, 1969, the Deputy Commissioner awarded him compensation for permanent partial disability from June 8, 1965, at the rate of $12 per week, payable in bi-weekly installments. After rejecting a settlement agreement in the amount of $7,500, the Deputy Commissioner, pursuant to 33 U.S.C. § 914(j), awarded Loiselle a lump-sum commutation of the unpaid balance to its present value, totalling $10,324.58. Portland appealed the award alleging that the Deputy Commissioner had abused his discretion. The Board upheld the commutation order and awarded Loiselle's attorney a fee of $400 for services rendered only in conjunction with the appeal of the commutation order.

Section 928 of Title 33, as amended in 1972, provides for direct payment of attorney's fees by an employer only when a claim involving the existence or extent of liability is resisted by an employer and is subsequently successfully prosecuted by claimant's attorney. *See* H.R.Rep.No.92–1441, reprinted at 3 U.S.Cong. and Adm. News pp. 4698, 4706 (1972); *Atlantic and Gulf Stevedores v. Director, Office of Workers' Compensation Programs et al.,* 542 F.2d 602, 609–10 (3d Cir. 1976); *Presley v. Tinseley Maintenance Service,* 529 F.2d 433, 437 (5th Cir. 1976).

The commutation order did not establish the existence or extent of liability. This was done by the Deputy Commissioner's order of March 5, 1969. Since the commutation order dealt only with the form of compensation (biweekly installments vs. a lump sum), the Board erred in ordering Portland to pay Loiselle's attorney fees directly. Such fees should have been borne by Loiselle as a lien upon the compensation award, as authorized by 33 U.S.C. § 928(c). *Stevedores, supra* at 609–10.

REVERSED AND REMANDED for proceedings consistent with this opinion.