805 F.2d 1152
 1988 A.M.C. 1517
 Ralph N. KEMP, Petitioner,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, and
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 86-1515.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 26, 1986.
 
 Susan R. Stevick (Patten, Wornom & Watkins, Newport News, Va., on brief), for petitioner.
 Lawrence P. Postol (Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., on brief), for respondents.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ralph Kemp appeals the judgment of the Benefits Review Board denying the award of attorney's fees incurred prior to his employer's controversion of his claim for disability compensation. We affirm.
 
 
 2
 On January 13, 1981, Kemp filed a claim under the Longshore and Harbor Workers' Compensation Act for compensation from Newport News Shipbuilding and Dry Dock Company for hearing loss. The employer filed a notice of controversion on January 26, 1981. Before the hearing, the parties settled. The deputy commissioner awarded attorney's fees for services rendered by Kemp's counsel, including payment for three hours and five minutes of work performed prior to the date the employer controverted liability. The employer appealed the fee award for this time only. In an unpublished opinion, the Benefits Review Board modified the award, finding the employer liable only for fees incurred after it filed its notice of controversion.
 
 
 3
 The Longshore and Harbor Workers' Compensation Act provides that an employer is liable for attorney's fees if it controverts its liability on or before 30 days after receiving notice of the claim and the claimant thereafter utilizes the services of an attorney in a successful prosecution of the claim. 33 U.S.C. Sec. 928(a).[1] The Benefits Review Board has interpreted the statute to limit an employer's liability to fees incurred after the employer receives notice of the claim and disputes it. See Baker v. Todd Shipyards Corp., 12 BRBS 309 (1980); Jones v. Chesapeake & Potomac Telephone Co., 11 BRBS 7 (1979).
 
 
 4
 Kemp argues that the Board's interpretation ignores the fact that, as a practical matter, a potential claimant may require an attorney's services to initiate a claim. He asserts that the Board's limitation not only places an onerous burden on a claimant but also diminishes the compensation payable to a claimant in disregard of the Act.[2] Kemp relies primarily on the dissents in Baker, 12 BRBS at 317, and Jones, 11 BRBS at 19 (Miller, Administrative Appeals Judge, dissenting).
 
 
 5
 We may set aside the Board's decision on this matter only if it is "arbitrary, capricious or an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. Sec. 706. If the Board's construction is "sufficiently reasonable," it must be accepted, even if it is not the only reasonable construction or the construction this court would have reached if originally deciding the question. F.E.C. v. Democratic Senatorial Campaign Comm., 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981). Although the statute is ambiguous, the Board's interpretation can be reconciled with the text and the legislative history. Furthermore, it is consistent with congressional intent that disputes be resolved in the first instance without the necessity of relying on assistance other than that provided by the Secretary of Labor.[3] See Jones, 11 BRBS at 15-16.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The statute provides:
 If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.
 
 
 [2]
 33 U.S.C. Sec. 928(d) provides in part: "The amounts awarded against an employer or carrier as attorney's fees, costs, fees and mileage for witnesses shall not in any respect affect or diminish the compensation payable under this chapter."
 
 
 [3]
 33 U.S.C. Sec. 939(c)(1) provides in part:
 The Secretary shall, upon request, provide persons covered by this chapter with information and assistance relating to the chapter's coverage and compensation and the procedures for obtaining such compensation and including assistance in processing a claim. The Secretary may, upon request, provide persons covered by this chapter with legal assistance in processing a claim.
 Referring to this section, the legislative history discloses: "It is intended that this assistance be all inclusive and enable the employee to receive the maximum benefits due to him without having to rely on outside assistance other than that provided by the Secretary." S. Rep. No. 92-1125, 92d Cong., 2d Sess. 16 (1972), reprinted in Committee Print: Legislative History of the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972 at 77.