901 F.2d 485
 1990 A.M.C. 2999
 Leno J. GUIDRY, Jr., Sidney L. Patin, and Henderson, Haneman
and Morris, A Professional Law Corporation,
Plaintiffs-Appellants,
v.
BOOKER DRILLING COMPANY (GRACE OFFSHORE COMPANY), Defendant-Appellee.
 No. 89-3636.
 United States Court of Appeals,
Fifth Circuit.
 May 22, 1990.
 
 Sidney L. Patin, Henderson, Hanemann & Morris, Houma, La., for plaintiffs-appellants.
 Sidney L. Patin, Houma, La., pro se.
 Wood Brown, III, Elizabeth Haecker Ryan, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before WISDOM, POLITZ and JOHNSON, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 This is an appeal by Sidney L. Patin ("Patin") and his law firm, Henderson, Haneman and Morris ("the law firm"), who represented Leno J. Guidry ("Guidry") in a claim brought under the Longshore and Harbor Workers' Compensation Act ("the Act"). Patin appeals the district court's judgment in favor of Booker Drilling Company ("Booker"), allowing Booker to offset the amount it had overpaid Guidry as compensation, from the amount of attorney's fees awarded by the Administrative Law Judge ("ALJ") to Patin. This Court reverses and remands.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 On December 26, 1981, Guidry sustained an injury to his back while in the course of his employment with Booker. Guidry began receiving compensation and medical benefits from Booker's insurer, North-West Insurance Company ("North-West"). Ultimately, however, North-West was placed in liquidation, and Booker began paying benefits directly to Guidry out of corporate funds.
 
 
 3
 At some point thereafter, a dispute arose between Booker and Guidry, and Guidry brought a claim against Booker under the Act, which was heard by an ALJ of the Department of Labor on March 16, 1986. On June 9, 1987, almost fifteen months later, the ALJ issued an opinion, which noted that Booker and/or its predecessor insurance company had been paying compensation to Guidry from the date of the accident through the date of the opinion at a rate of $189.23 a week. The ALJ determined, however, that Guidry was entitled to payments of $22.57 a week for 104 weeks from March 20, 1986. Thus, Booker had overpaid Guidry by the sum of $9,505.00, after certain adjustments.[1] The ALJ ordered counsel for Guidry to submit a fee application pursuant to 20 C.F.R. Sec. 702.132.
 
 
 4
 On November 9, 1987, the ALJ issued a supplemental decision and order awarding attorney's fees in the amount of $13,648.03, to be paid to Patin by Booker.[2] Booker then sent a check to Patin and his law firm, but only in the amount of $4,095.36. A cover letter from Booker which accompanied the check stated that the $4,095.36 sum constituted the amount ordered by the ALJ minus the amount by which Booker had overpaid Guidry, Patin's client. Patin thereupon filed for enforcement of the attorney's fee order in federal district court. The district court determined that to require Booker to pay the remaining $9,505.00 to Patin would constitute unjust enrichment to Guidry, and entered judgment in favor of Booker.
 
 
 5
 Patin appeals. Patin seeks reversal of the district court, entry of judgment in his favor, and an award of prejudgment and postjudgment interest.
 
 II. DISCUSSION
 A. Attorney's Fees
 
 6
 On this appeal, we are faced with deciding whether funds overpaid by Booker as compensation to Guidry may be offset against an award of attorney's fees to Patin. Because this is a question of first impression for this Court, we look to relevant statutory authority--the Longshore and Harbor Workers' Compensation Act--for guidance. Based on the general principles embodied in the Act, we conclude that compensation paid to an injured worker bringing suit under the Act is, and must remain, separate and distinct from an award of attorney's fees pursuant to the Act. Accordingly, we conclude that the district court erred in allowing Booker to offset the award of attorney's fees with the amount of overcompensation paid to Guidry by Booker.
 
 
 7
 The general purpose of the Act is to aid longshoremen. Director, OWCP v. Robertson, 625 F.2d 873, 878 (9th Cir.1980). To that end, the Act provides, inter alia, that in certain contexts, an attorney for a claimant may recover fees from the employer or carrier. The relevant provision states:
 
 
 8
 (a) If the employer or carrier declines to pay any compensation on or before the 30th day after receiving written notice from the deputy commissioner of a claim for compensation ... within the provisions of this Act and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the person, administrative body or court before whom the service was performed, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.
 
 
 9
 20 C.F.R. Sec. 702.134, 33 U.S.C. Sec. 928(a) (emphasis added). This Court has recognized that the Act ensures that attorneys receive fees without diminishing the compensation obtained by the claimant. Oilfield Safety, Etc. v. Harman Unlimited, 625 F.2d 1248 (5th Cir.1980). Moreover, the above regulation states that attorney's fees are to be paid directly to the attorney, and in addition to the compensation award. The Benefits Review Board ("the Board") has determined that this language means that the two awards are separate, and that an award of attorney's fees is not "compensation." Wells v. International Great Lakes Shipping Co., 14 B.R.B.S. 868 (1982); Jenkins v. Federal Marine Terminal, 14 B.R.B.S. 380 (1981).
 
 
 10
 In the present case, Booker overpaid compensation to Guidry. The Act provides for reimbursement to the employer for advance payments made to the claimant. Specifically, the relevant provision states, "[i]f the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due." 33 U.S.C. Sec. 914(j) (emphasis added). Since the award of attorney's fees is not considered "compensation" under the Act, Patin argues that the overpayment which Booker made to Guidry should not be deducted from Patin's award of attorney's fees. We agree.
 
 
 11
 The district court, although acknowledging the above law, concluded that it was inapposite, and proceeded to resolve the dispute by weighing the equities. The district court then determined that if Booker were required to pay the amount outstanding to Patin, Guidry would be unjustly enriched. This Court recognizes the fact that Booker voluntarily made payments to Guidry during the pendency of the dispute, and that but for the fifteen month delay by the ALJ in issuing his opinion, the overpayment might have been reduced or could have been more easily recouped by Booker from Guidry. Nevertheless, the language of section 28(b) specifically requires that an award of attorney's fees be paid directly to the attorney.[3] This Court concludes that an award of attorney's fees is separate from an award of compensation. Accordingly, Booker may not deduct from the award of attorney's fees the amount which Booker overpaid to Guidry. This Court's holding furthers the general purpose of the Act, of aiding longshoremen, by providing incentive to attorneys to represent injured workers seeking to pursue claims under the Act.
 
 B. Interest
 
 12
 Patin and his law firm also seek prejudgment and postjudgment interest. Federal Rules of Appellate Procedure, Rule 37 provides that "[i]f a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest." Fed.R.App.P. 37.
 
 
 13
 At oral argument, counsel for Booker conceded that if Booker is ordered to pay to Patin the balance of the award of attorney's fees, Patin is entitled to postjudgment interest pursuant to 28 U.S.C. Sec. 1961 ("section 1961"). We agree.
 
 
 14
 Section 1961 provides, inter alia, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. Sec. 1961(a). Where jurisdiction is predicated on a federal question, section 1961 does not preclude the award of prejudgment interest. In Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947), the Supreme Court considered whether prejudgment interest could be awarded in an action brought under the Agricultural Adjustment Act of 1938, 7 U.S.C. Sec. 1281 et seq. The Supreme Court examined the statute as well as the statutory predecessor to section 1961, and concluded that nothing prohibited the imposition of prejudgment interest. This Court likewise has found no impediment in section 1961 to the awarding of prejudgment interest. Louisiana & Arkansas Railway Co. v. Export Drum Co., 359 F.2d 311 (5th Cir.1966). To determine whether an award of prejudgment interest is appropriate, this Court must first consider whether the Longshore and Harbor Workers' Compensation Act precludes an award of prejudgment interest, and if not, whether an award of such interest would further the congressional policies of the Act. Bricklayers' Pension Trust Fund v. Taiariol, 671 F.2d 988 (6th Cir.1982).
 
 
 15
 It is clear that the Act contains no prohibition against prejudgment interest. Furthermore, an award of attorney's fees would further the congressional policy of aiding longshoremen by providing an incentive for attorneys to represent longshoremen. This incentive is that such attorneys will receive the full value of the fees to which they are entitled under the Act.
 
 III. CONCLUSION
 
 16
 Due to the separate nature of an award of "compensation" and an award of attorney's fees, it was not appropriate for Booker to deduct the amount Booker overpaid to Guidry from Patin's award of fees. The judgment of the district court is reversed, and the case is remanded to the district court for entry of judgment in favor of Patin and his law firm, and for a determination of interest to which they are entitled. It is so ordered.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 [1]
 The ALJ deducted Guidry's remaining entitlement of $880.23, and $400.00 for outstanding medical costs which had not yet been reimbursed, from the total overpayment of $10,785.23, to arrive at the figure stated above
 
 
 [2]
 Neither party appealed the award, and it has since become final
 
 
 [3]
 Furthermore, if Patin attempted to collect the balance of the fee award from Guidry, Patin could be subject to criminal penalties. 33 U.S.C. Sec. 928(e), 20 C.F.R. Sec. 702.133