**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTHONY COWARD,
Petitioner,

v.

NEWPORT NEWS SHIPBUILDING AND

No. 96-2557

DRY DOCK COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(No. 94-3821)

Submitted: January 27, 1998

Decided: February 23, 1998

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Klein, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia,
for Petitioner. Melissa R. Link, MASON & MASON, P.C., Newport
News, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Coward petitions this court for review of a decision of the Benefits Review Board ("the Board") affirming the administrative law judge's ("ALJ") decision and order denying attorney's fees to Coward's former attorney.[1] Because substantial evidence supports the Board's decision based upon the findings of the ALJ, we affirm.

Coward injured his back while working for Newport News Shipbuilding ("NNS"); thereafter, he received temporary total disability benefits for the next six years. Coward retained the services of Attorney John Klein and filed a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997) ("the Act"), seeking permanent total disability benefits. NNS contested the claim, challenging the extent of Coward's disability.

Prior to the scheduled hearing before the ALJ, Klein was allowed to withdraw as counsel of record. Klein filed a petition for attorney's fees for work done on Coward's behalf in the workers' compensation proceedings before the ALJ. Coward's claim for disability benefits was remanded to the district director and Coward obtained new counsel, Attorney Faye F. Spence. Spence negotiated the settlement agreement between Coward and NNS, which was subsequently approved

_____

[1] The Board did not address the merits of the appeal. On September 12, 1996, the Board sent the parties a notice stating that pursuant to the provision of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the Board relating to claims under the Act were deemed to have been affirmed if the case had been pending before the Board for one year by September 12, 1996. Because Coward's appeal met these criteria, the Board informed the parties that the ALJ's decision had been effectively affirmed by the Board on September 12, 1996, for purposes of their rights to obtain review in this court.

by the district director. The settlement agreement provided that attorneys' fees for both Klein and Spence would be deducted from Coward's negotiated lump-sum payment.

Before the district director approved Coward's settlement agreement, Klein renewed his request for attorney's fees. The ALJ denied Klein's request, finding that because he did not successfully prosecute Coward's claim for permanent total disability benefits, he was not entitled to payment by either NNS or Coward. The Board summarily affirmed.

Section 21 of the Act sets forth the applicable standard of review:

> The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact . . . . The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.

33 U.S.C.A. § 921(b)(3) (West 1986). Accordingly, we will reverse the Board's order only if there is an error of law or a finding of fact that is not supported by substantial evidence.[2] The Supreme Court of the United States has defined "substantial evidence" as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3]

The Act "provides for direct payment of attorney's fees by an employer only when a claim involving the existence or extent of liability is resisted by an employer and is subsequently successfully prosecuted by claimant's attorney."[4]  Our analysis of attorney fee

_____

[2] See John T. Clark & Son, Inc. v. Benefits Review Bd., 621 F.2d 93, 95 n.3 (4th Cir. 1980) (citing O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 508 (1951)).

[3] Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

[4] Portland Stevedoring Co. v. Director, OWCP, 552 F.2d 293, 294 (9th Cir. 1977); see 33 U.S.C.A. § 928(a) (West 1986).

awards requires first and foremost that they be confined to work done on successful claims.**5**

Here, Coward sought permanent total disability benefits but only received temporary total disability benefits. Thus, although Coward garnered a favorable settlement, his claim was not successful because he did not obtain greater compensation than the amount which employer voluntarily paid or agreed to pay.**6** Moreover, another attorney was responsible for negotiating this settlement. The ALJ's determination that Klein's efforts did not lead to the successful prosecution of Coward's disability claim and that he was not entitled to payment of attorney's fees by NNS or Coward is rational and supported by the record as a whole.**7**

Accordingly, we affirm the Board's decision to affirm the order of the ALJ. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**5** **See Hensley v. Eckerhart**, 461 U.S. 434-35 (1983).
**6** **See Flowers v. Marine Concrete Structures, Inc.**, 19 BRBS 162, 1986 WL 66389, *2 (BRB No. 82-138 Feb. 28, 1986).
**7** **See** 33 U.S.C.A. § 928(a), (c) (West 1986); Kemp v. Newport News Shipbuilding & Dry Dock Co., 805 F.2d 1152, 1153 (4th Cir. 1986) (holding claimant responsible for attorney's fees incurred prior to employer's controversion of claim for disability compensation).

4