UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WENDY JO BROWN,
Petitioner,

v.

ARMY & AIR FORCE EXCHANGE

No. 96-2608

SERVICE; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-1704)

Submitted: May 5, 1998

Decided: June 8, 1998

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen Z. Chertkof, Tracy L. Hilmer, KATOR, SCOTT, HELLER
& HURON, Washington, D.C., for Petitioner. James M. Mesnard,
SEYFARTH, SHAW, FAIRWEATHER & GERALDSON, Washing-
ton, D.C.; Kim M. Hoffman, ARMY & AIR FORCE EXCHANGE
SERVICE, Dallas, Texas, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Wendy Jo Brown petitions this court for review of the Benefits Review Board's ("the Board") summary affirmance of the Administrative Law Judge's ("ALJ") order denying Brown's claim for disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1998) ("the Act") for lack of jurisdiction.[1] While attending an employment-related conference, Brown alleged that she was sexually assaulted at the conclusion of a social activity. The ALJ found that Brown had failed to establish that her injury arose out of and in the course of her employment. Because substantial evidence supports the findings of the ALJ, we affirm.

The Army and Air Force Exchange Service ("Employer") dispatched Brown to a three-day conference in Alexandria, Virginia. The conference was held in a hotel. During the conference, William Boyd hosted a "hospitality suite" in the same hotel.[2] Brown's superior, Alwyn Ansley, encouraged her to attend the social event to improve her employment contacts. Although employment matters were discussed during the event, her attendance was not a requirement of her employment.

_____

[1] The Board did not address the merits of the appeal. On September 12, 1996, the Board sent the parties a notice stating that pursuant to the provision of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the Board relating to claims under the Act were deemed to have been affirmed if the case had been pending before the Board for one year by September 12, 1996. Because Brown's appeal met these criteria, the Board informed the parties that the ALJ's decision had been effectively affirmed on September 12, 1996, for purposes of their rights to obtain review in this court.

[2] Boyd is a higher-ranking employee of the Employer although not in Brown's direct chain of command.

2

After the other guests had left the hospitality suite, Brown remained in Boyd's room and they talked for a while. Together, they left the hotel and went to several drinking and dancing establishments in the area. Upon their return to the hotel, Boyd stated that he wanted to continue their conversation regarding Brown's work. The two went back to Boyd's hotel room. Once there, Brown attempted to leave. Brown asserted that as she headed for the door, Boyd restrained her arms and pulled her to the floor. In this position, Boyd kissed Brown and rubbed her back. When Brown freed herself, Boyd opened the door and allowed her to leave the room.[3] Brown contends that she is disabled by post traumatic stress disorder arising from this incident.

The Department of Labor conducted a formal hearing addressing whether Brown's disability arose out of and in the course of her employment. In his Decision and Order, the ALJ determined that Brown was not required to attend the social event and that Boyd's statement regarding his desire to discuss work was insufficient to transform the conversation into employment activity. Finding that Brown's claim did not fall within the coverage of the Act, the ALJ denied her claim for benefits.

We reverse decisions of the Board only if there is an error of law or a factual finding that is not supported by substantial evidence on the record as a whole.[4] The United States Supreme Court has defined substantial evidence as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[5]

_____

[3] Three months prior to this incident, while attending another employment-related conference, Brown reported to her superiors that Boyd had made unwelcome sexual advances toward her at the conclusion of a social gathering held in Boyd's hospitality suite. Brown did not file a claim for benefits following that incident nor is it a part of this petition for review.

[4] **See John T. Clark & Son, Inc. v. Benefits Review Bd.**, 621 F.2d 93, 95 n.3 (4th Cir. 1980) (citing O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 508 (1951)).

[5] **Richardson v. Perales**, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

This petition raises the issue of whether the ALJ properly found that Employer successfully rebutted the presumption of coverage under the Act. Section 20(a) of the Act establishes the presumption that a claimant's disabling condition is causally related to her employment if she establishes that (1) she suffered a harm, and (2) working conditions existed that could have caused, aggravated, or accelerated a previous condition.[6] Entitlement to this presumption requires that the claimant's injury arise out of and in the course of her employment.[7]

The Board has held that for an injury to arise in the course of employment, it must have occurred "within the time and space boundaries of the employment and in the course of an activity whose purpose is related to the employment."[8] The section 20(a) presumption applies to this question.[9] To rebut this presumption, the employer must produce specific and comprehensive evidence that the activity in which claimant was engaged when injured was not an inherent part of the conditions of her employment.[10] If the employer successfully rebuts the section 20(a) presumption of coverage, the claim must then be resolved on the evidence as a whole.[11]

Generally, if the social or recreational activity occurs on the employer's premises during normal working hours, or if the employer requires employee participation in the activity, then the activity is considered an inherent part of the claimant's employment. In the instant case, the record establishes that the social gathering was not a regular incident of Brown's employment; it was not held on Employer's premises, nor was it conducted during normal working hours. Moreover, Brown's participation in the social gathering was

---

[6] **See** 33 U.S.C.A. § 920(a); Brown v. ITT/Continental Baking Co., 921 F.2d 289, 295 (D.C. Cir. 1990).

[7] **See U.S. Indus./Fed. Sheet Metal, Inc. v. Director, Office of Workers' Compensation Programs**, 455 U.S. 608, 615 (1982).

[8] **Boyd v. Ceres Terminals**, 30 BRBS 218 (1997).

[9] **See Wilson v. Washington Metro. Area Transit Auth.**, 16 BRBS 73 (1984).

[10] **See Swinton v. J. Frank Kelly, Inc.**, 554 F.2d 1075, 1082 (D.C. Cir. 1976).

[11] **See Brown**, 921 F.2d at 295.

4

voluntary, as was her decision to leave the hotel with Boyd to frequent several nighttime establishments. Based on this evidence, we find that Employer has successfully rebutted the section 20(a) presumption by establishing that Brown's attendance at the social gathering was not an inherent part of the conditions of her employment.

However, a determination that a social activity is not a part of the claimant's employment does not necessarily bar all recovery. Because there is no circuit precedent discussing the compensability of injuries sustained during social events under the Act, as relied on by the ALJ, we turn to the Board's leading case on this subject, Vitola v. Navy Resale & Services Support Office, 26 BRBS 88 (1992). Vitola sets forth the following non-exhaustive list of factors to determine whether an injury during a voluntary social activity arose in the course of the claimant's employment: (1) whether the employer sponsored the event; (2) whether there was some degree of encouragement to attend; (3) whether the employer substantially financed the event; (4) whether employees viewed the event as an employment benefit to which they were entitled; (5) whether the employer obtained any tangible advantages from the event; and (6) whether the activity occurred on the employer's premises. Because Vitola discusses the relevant factors in resolving this question and is a reasonable interpretation of the Act, we apply its rationale to the present case. **12**

In the instant case, the record establishes that Boyd, not Employer, sponsored and substantially financed the social gathering. Even though Brown was encouraged to attend the social, it was not held during regular work hours, Brown did not have to perform her regular duties if she did not attend, and no attendance was taken. Because such social gatherings were routinely held during these conferences, some employees may have regarded the event as an employment benefit after becoming accustomed to socializing with colleagues following the day's conference events. And although the social gathering may have improved morale and congeniality among colleagues, Employer received no tangible benefits from the event. Moreover, the social gatherings were not held on Employer's premises. Finally, by her own admission, Brown was not injured while she attended the

_____

**12 See Kemp v. Newport News Shipbuilding & Dry Dock Co.**, 805 F.2d 1152, 1153 (4th Cir. 1986).

5

social gathering. She did not suffer any harm until she returned with Boyd to his hotel room after spending several hours dancing and drinking with him after the gathering that evening. Weighing each factor in relation to the evidence as a whole, we find that Brown's attendance at the social gathering was not a requirement of the conference and thus was not a requirement of her employment. Accordingly, her injury did not arise out of the course of her employment and she is not entitled to the section 20(a) presumption.

The ALJ did not delineate the specific Vitola factors upon which its determination was based; however, we find that the ALJ's decision to dismiss Brown's claim for lack of jurisdiction was rational and supported by the record as a whole. Accordingly, the Board's decision to affirm the order of the ALJ is hereby affirmed.

AFFIRMED

6