# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-60475
_____

CLAUDE O. WEAVER,

Petitioner,

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondent,

VERSUS

INGALLS SHIPBUILDING, INC.,

Respondent.

_____

Petition for Review of an Order of
the Benefits Review Board
_____

February 26, 2002

Before JOLLY, SMITH, and BENAVIDES,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Claude Weaver appeals a decision of the
Benefits Review Board ("BRB") affirming an
award of attorney's fees by the district

director. We reverse and remand.

I.

On February 4, 1992, Weaver filed a claim
for hearing loss under the Longshore and Har-
bor Workers' Compensation Act ("LHWCA")
against his former employer, Ingalls
Shipbuilding, Inc. ("Ingalls"), which

controverted the claim on February 11.[1] On February 12, Ingalls received formal notice of the claim from the district director. In September, Ingalls initiated voluntary payments on the claim and offered to settle; Weaver rejected this offer, and the case proceeded to a hearing before an administrative law judge, who found in favor of Weaver but awarded him less than the settlement offer.

Weaver's attorney then submitted an application for attorney's fees. The district director denied the application because the recovery was less than the proffered settlement. The BRB reversed and remanded, finding Weaver was entitled to fees incurred before Ingalls commenced voluntary payments in September.

Before the director issued a revised fee award, Weaver's attorney filed an amended application based on a recent change in the interpretation of the fee-shifting provision of the LHWCA.[2] Under the new interpretation, an attorney may recover, from the employer, fees incurred before formal notice of the claim.

The district director ruled on the amended fee application by awarding fees at $100 per hour and divided the fee between Ingalls and Weaver. The division held Weaver liable for $290 in fees based on work done by his attorney before March 12, 1992, thirty days after the receipt of formal notice by Ingalls.

---

[1] Once an employer has notice of a claim, it has fourteen days in which either to pay or to controvert, to avoid a 10% penalty in addition to the award. 33 U.S.C. § 914(b),(d),(e).

[2] *See Liggett v. Crescent City Marine Ways & Dry Dock*, 136 Ben. Rev. Bd. Serv. (MB) 135 (1997).

The remaining $150, representing work done after March 12, was assessed against Ingalls. The BRB, sitting en banc, affirmed this decision but divided over the continued validity of *Liggett* to LHWCA cases. Weaver and the director appeal this decision.

## II.

This case calls for an interpretation of the fee-shifting provision of the LHWCA, which reads in relevant part:

> If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation . . . and the person seeking benefits thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded . . . a reasonable attorney's fee against the employer or carrier.

33 U.S.C. § 928(a). Our review of statutory interpretation by the BRB is *de novo*. *Equitable Equip. Co. v. Dir., OWCP*, 191 F.3d 630, 631 (5th Cir. 1999) (citing *Potomac Elec. Power Co. v. Dir., OWCP*, 449 U.S. 268, 279 n.18 (1980)).

Weaver and the director urge us to interpret the word "thereafter" merely to signify that the use of an attorney is a precondition to the assessment of fees against the employer. This interpretation would allow an attorney, assuming the other conditions are met, to recover fees from the employer regardless of when the attorney incurred the fees. Ingalls, on the other hand, reads "thereafter" to mean that an attorney could recover only those fees

incurred after the thirtieth day following the receipt of formal notice from the commissioner.

Our resolution of this question is largely controlled by precedent. In *Watkins v. Ingalls Shipbuilding, Inc.*, No. 93-4367 (5th Cir. Dec. 9, 1993) (unpublished), we were asked to interpret this same section of the LHWCA. The claimant incurred attorney's fees over an eight-month period preceding receipt of formal notice by the employer. Interpreting the statute, we held that receipt of notice by the employer was a prerequisite to the recovery of attorney's fees. Thus, any fees incurred before receipt of such notice could not be charged against the employer.

*Watkins* binds this panel. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001) (noting rule that one panel may not overrule an earlier panel). Accordingly, we cannot adopt the position advanced by Weaver and the director to charge all attorney's fees of a successful claimant against the employer. The fact that *Watkins* is unpublished does not alter its precedential status, because it was decided before January 1, 1996. 5TH CIR. R. 47.5.3.[3]

*Watkins* dictates that the BRB's decision be affirmed insofar as it holds Weaver responsible for those fees his attorney incurred before February 12, 1992—the date Ingalls received formal notice. Thus, those fees accrued between February 4 and February 12, 1992, cannot be charged against Ingalls.

*Watkins*, though, answers only half of the question. There remains the issue of those fees accrued between February 12, 1992—when Ingalls both had received formal notice and had controverted the claim—and March 12 1992—the thirtieth day following receipt of notice. The district director assessed the fees accrued during this period against Weaver. The three judges on the BRB who voted to affirm the award did so without specific mention of the fees for this thirty-day period.

This question is also a matter of statutory interpretation. The fee-shifting provision of the LHWCA contemplates four triggering events for assessing fees against the employer: (1) formal notice, (2) employer controversion of the claim, (3) successful prosecution by the claimant, and (4) use of an attorney to prosecute the claim.

The wording of the controversion clause leaves little doubt an employer can be liable for fees incurred during the thirty-day window if the other conditions are met. The disjunctive "or" merely indicates that the employer's act of declining to pay the claim may be triggered, either on the thirtieth day or at any time before

---

[3] Although this rule is framed to limit citations to unpublished opinions ("normally . . . cited only when the doctrine of *res judicata*, collateral estoppel or law of the case is applicable"), it has been interpreted to render unpublished decisions before January 1, 1996, precedential. Of all the cases citing this rule, only one interprets the "normally" clause of the rule to limit citations of pre-January 1, 1996, unpublished opinions as precedent to the specifically enumerated exceptions to the rule. *Arnold v. United States Dep't of Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000), *cert. denied*, 531 U.S. 1144 (2001). All other references treat the rule as making unpublished decisions before the ef-
(continued...)

[3](...continued)
fective date precedential. *See, e.g., Baldwin v. Daniels*, 250 F.3d 943, 946 n.** (5th Cir. 2001); *United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996).

that day, by a controversion of the claim.

Our court apparently has not addressed this precise question. This interpretation, though, has been endorsed by the BRB. *Jones v. Chesapeake & Potomac Tel. Co.*, 11 Ben. Rev. Bd. Serv. 7 (1979).[4]

We hereby adopt the position of the BRB and conclude that fees incurred within the thirty-day window may be assessed against the employer. If the employer controverts a claim within the thirty-day window, and the other triggers have been satisfied, the fees accrued thereafter properly may be assessed against the employer, even though they are incurred before the thirtieth day following receipt of notice.

The order of the BRB is REVERSED and REMANDED for recalculation of the fee award.

---

[4] *See also Liggett* (explaining the state of the rule before *Jackson v. Jewell Ridge Coal Co.*, 21 Black Lung Rep. 1-27 (1997)). Employers also frequently behave as though this is the rule. *See, e.g., Kemp v. Newport News Shipbuilding & Dry Dock Co.*, 805 F.2d 1152, 1152 (4th Cir. 1986) (in which employer implicitly conceded liability for fees accrued post-controversion but within the thirty-day window by appealing only those fees accrued before controversion).