United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 02-60470

AVONDALE INDUSTRIES, INC.

Petitioner

VERSUS

RAY ALARIO; JOSEPH HOWARD; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

Petition for Review of Orders
of the Benefits Review Board

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

DENNIS, Circuit Judge:

Petitioner Avondale Industries, Inc. ("Avondale") challenges the Benefit Review Board's ("BRB") award of attorney's fees to respondents Ray Alario and Joseph Howard under section 28(a) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 928(a).[1] For the following reasons, we deny Avondale's petition

---

[1] Avondale also challenged the BRB's decision awarding attorney's fees to Eugene Craig. This opinion was originally issued referencing Craig's case along with the cases of Alario and

-1-

for review.

## I. BACKGROUND

Respondents were Avondale employees. Each filed an LHWCA claim with Avondale seeking payment for work-related hearing loss.

A. <u>Ray Alario</u>

On July 12, 1999, Alario filed a LS-203 Claim for Compensation with the deputy commissioner alleging hearing loss caused during his ten-year employment with Avondale and attached an uninterpreted audiogram. Alario also provided Avondale with notice of the claim, although it was not formally served on Avondale by the deputy commissioner until August 4, 1999. On July 30, 1999, Avondale filed a LS-207, Notice of Controversion of Right to Compensation, refusing to pay compensation and contending it did not have sufficient evidence of the degree of hearing loss. Avondale alleged that it could not know the degree of Alario's losses until it received an audiogram and an audiologist's report interpreting the audiogram.

On August 19, 1999, Alario obtained the audiogram and report, which indicated a 62.8% hearing loss. The day after Avondale

Howard. But the BRB's decision of these three consolidated cases actually remanded Craig's case to the district director for further proceedings. Thus, there was no final order of the Board with respect to Craig, and Craig was dismissed from this appeal on September 18, 2002. The Director of the Office of Workers' Compensation Programs filed a motion to amend the judgment requesting that the original opinion be revised to remove the references to Craig's case. The Director's motion is granted, and this opinion has been revised to reflect that only the cases of Alario and Howard are before this court.

received the report on September 13, 1999, it commenced paying benefits. On September 27, 1999, Avondale had Alario undergo examination by its own audiologist who set Alario's hearing loss at 54.1%. When Avondale received this report, it averaged the two results together and sent Alario a check for the remaining compensation on October 7, 1999. Alario's attorney then requested attorney's fees under LHWCA §28(a). The district director denied the request. After Alario filed a motion for reconsideration, a different director granted the request for attorney's fees. Avondale appealed the decision to the BRB.

B. Joseph Howard

On November 19, 1996, Howard filed a LS-203 claim for compensation for hearing loss, but unlike Alario, he did not provide an uninterpreted audiogram. Although Howard provided Avondale with earlier notice, the deputy commissioner served the claim on Avondale on December 31, 1996. On December 12, 1996, Avondale filed a LS-207 form controverting the claim until Howard provided an audiogram and report. On January 8, 1998, Avondale received a copy of the interpreted audiogram and report from Howard. The report indicated a 13.8% hearing loss, and Avondale paid Howard for his hearing loss on January 15, 1998. On August 21, 1999, Howard's attorney sought reimbursement for attorney's fees under LHWCA § 28(a). The district director granted the fee petition, ordering Avondale to pay attorney's fees from December 31, 1996 until January 15, 1998. Both parties appealed the

-3-

decision to the BRB.

C.   Consolidation

The BRB, considering the cases individually, originally denied the requests for attorney's fees.  The BRB then granted a motion for reconsideration *en banc* and consolidated the cases.  On October 5, 2001, sitting *en banc*, the BRB unanimously granted attorney's fees to respondents under LHWCA §28(a).  On May 23, 2002, the BRB denied Avondale's motion for reconsideration *en banc*.  Avondale then timely filed a petition for review.  The Director of the Office of Workers' Compensation Programs filed a brief arguing that the BRB's decision awarding respondents attorney's fees should be affirmed.

**II.  ANALYSIS**

A.   Standard of Review

"This Court conducts a *de novo* review of the BRB's rulings of law, owing them no deference because the BRB is not a policymaking agency."  *Pool Co. v. Cooper*, 274 F.3d 173, 177 (5th Cir. 2001) (citations omitted).  But this court does afford *Skidmore* deference to the Director's interpretations of the LHWCA.  *Id.*  Under this approach, the amount of deference owed the Director's interpretation "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *United States*

-4-

*v. Mead Corp.*, 533 U.S. 218, 228 (2001) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944)).

B.   The BRB's Decision

In concluding that Avondale owed attorney's fees pursuant to section 28(a), the BRB noted that "neither the Act nor the regulations require that a claimant submit evidence with his claim before the requirements of Section 28(a) are triggered." *Craig v. Avondale*, 35 B.R.B.S. 164, 165 (2002).  Section 28(a) states:

> If the employer or carrier *declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner*, on the ground that there is no liability for compensation within the provisions of this chapter and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

33 U.S.C. §928(a) (emphasis added).  The BRB thus noted that "[t]he Act is clear that an employer may pay or decline to pay within 30 days after it receives the written notice of 'a claim' from the district director; however, no other 'evidence' is required before

the 30-day period begins to run."[2]  The BRB also noted that Avondale did not pay on or before the thirtieth day after receiving the LS-203 claim form from the deputy commissioner in any of the three cases.  The BRB therefore held Avondale liable for respondents' attorney's fees under section 28(a).

C.    Avondale's Arguments Challenging the Decision of the BRB

Avondale makes two arguments challenging the BRB's decision. First, Avondale argues that a "valid claim" triggering the deadline outlined in section 28(a) has not been made until the claimant has provided an audiogram administered by a licensed or certified audiologist along with an accompanying interpretive report.  In making this argument, Avondale relies on section 8(c)(13)(C) of the LHWCA which provides:

> An audiogram shall be presumptive evidence of the amount of hearing loss sustained as of the date thereof, only if (i) such audiogram was administered by a licensed or certified audiologist or a physician who is certified in otolaryngology, (ii) such audiogram, with the report thereon, was provided to the employee at the time it was administered, and (iii) no contrary audiogram made at that time is produced.

This argument is unavailing.  Although section 8(c)(13)(C) states that an audiogram accompanied by an interpretive report is "presumptive evidence of the amount of hearing loss," the Act

---

[2]  Ray Alario attached an uninterpreted audiogram to his claim form while Joseph Howard did not.  This potential distinction is not relevant under the BRB's analysis, Avondale's arguments, or this court's analysis.  Thus, the cases may be analyzed together.

nowhere states that such evidence is required for a claim to be considered filed for the purposes of section 28(a). This provision only provides a mechanism for presumptively establishing the amount of a hearing loss claim if that claim is controverted. It does not require a claimant to provide this evidence when filing the claim.

Section 28(a) makes it clear that the operative date for avoiding the potential shifting of attorney's fees is thirty days after the employer receives formal notice of the claim; section 28(a) does not mention the term "evidence", let alone require that certain evidence be provided when a claim is filed. A claim requires only a writing disclosing an intention to assert a right of compensation. *Fireman's Fund Insurance Co. v. Bergeron,* 493 F.2d 545, 547 (5th Cir 1974). Form LS-203 clearly meets this requirement and is in fact the form administratively prescribed for a claim under the Act.[3] Thus, respondents filed valid claims by filing Form LS-203.

In arguing that presumptive evidence is required before a hearing loss claim can be considered filed under section 28(a), Avondale expresses concern that to avoid fee-shifting under the plain reading of section 28(a), employers will be required to pay benefits for hearing loss claims before they have the information required to pay those claims. But the employer is free to schedule

---

[3] Form LS-203, entitled "Employee's Claim for Compensation", specifically states: "I hereby make claim for compensation benefits, monetary and medical, under the [Act]."

-7-

the claimant for a hearing evaluation by a physician of the employer's choosing to determine the amount, if any, of hearing loss. In fact, here Avondale sent Alario to its own audiologist after receiving an interpreted audiogram. There is no reason why Avondale could not have done so immediately upon receiving the claim itself or formal notice of the claim. This would allow Avondale to ascertain the proper amount of payment and begin paying in time to avoid the fee-shifting provision.

Along these same lines, Avondale maintains that hearing loss is different from all other scheduled losses under the LHWCA. Avondale states that all of the other scheduled losses can be objectively determined while hearing loss is more subjective. But when Congress has chosen to treat hearing loss claims differently from other claims, it has clearly done so. *See* 33 U.S.C. § 908(c)(13)(D) (statute of limitations); § 908(c)(13)(E) (method of calculating impairment). In relation to section 28(a), Congress has made no indication that hearing loss claims are to be treated differently from any other claim. In short, Avondale's argument that the deadline in section 28(a) is not triggered for hearing loss claims until the claim is accompanied by presumptive evidence of the amount of the claim is not supported by the statute.

Avondale's second argument is that it did not decline to pay compensation and is therefore not liable for attorney's fees under section 28(a). This argument is without merit. In both cases,

Avondale filed a Form LS-207, Notice of Controversion of Right to Compensation, before the thirtieth day after receiving formal notice of the claim from the deputy commissioner. In *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357 (5th Cir 2002), the Court held that the attorney's fees may be assessed against the employer from the date of receiving formal notice of the claim if the following four elements for fee-shifting are satisfied: (1) formal notice, (2) employer controversion of the claim, (3) successful prosecution by the claimant, and (4) use of an attorney to prosecute the claim. *Id.* at 359-60.

Here, by arguing it did not decline to pay, Avondale challenges only whether there was controversion of the claim. But filing a Form LS-207, Notice of Controversion of Right to Compensation, clearly satisfies that requirement. As in *Weaver*, the fact that Avondale filed these forms before receiving formal notice of the claims from the deputy director is irrelevant. All four elements have been met here, and Avondale has not argued that any portion of the fees awarded by the BRB were incurred prior to Avondale's receiving formal notice of the claim from the deputy commissioner.

### III. CONCLUSION

Under a plain reading of section 28(a), respondents were entitled to attorney's fees. Therefore, Avondale's petition for review is denied.

-9-

**PETITION FOR REVIEW DENIED.**