United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60464
Summary Calendar

_____

BOH BROTHERS CONSTRUCTION COMPANY,

Petitioner,

versus

GEORGE T. BOOKER, Director, Office of Worker's
Compensation Programs, U.S. Department of Labor,

Respondent.

_____

Appeal from the Benefits Review Board
(No. 03-0499)

_____

Before GARZA, DᴇMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Employer Boh Brothers Construction Company ("Boh Brothers") appeals the ruling

of the Benefits Review Board ("BRB") affirming the decision of the administrative law

judge ("ALJ") finding for claimant George Booker in an action under the Longshore and

Harbor Workers' Compensation Act ("Longshore Act") for medical benefits and disability

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

pay. For the following reasons, we affirm.

## I. FACTS AND PROCEEDINGS

Claimant George Booker fell and injured his right knee on July 7, 2000 while working as a heavy construction laborer for appellant-employer Boh Brothers Construction Company. On July 17, 2000, Booker was diagnosed with a knee contusion, and was authorized to return to light duty. Later, MRI and EMG analyses determined that surgery was needed to repair a tear in his medial meniscus. That surgery was performed by Dr. Alan Hinton approximately four months later, on October 31, 2000. Over two months after the surgery, on January 8, 2001, Dr. Hinton concluded that Booker had reached "maximum medical improvement" and assessed a twenty-percent permanent partial impairment.

Booker continued to complain of numbness and was referred to neurologists, Drs. Alan Sconzert and Reynard Odenheimer. The next month, February of 2001, Dr. Sconzert determined that Booker could return to full work duty. But in July of 2001, Dr. Odenheimer diagnosed Booker with foot drop and issued a "no work" slip. Dr. Hinton and Dr. Odenheimer determined that Booker's back pain was a result of his irregular gait that was caused by accident-related complications, and recommended a lumbar MRI. Dr. Odenheimer also recommended an EMG and prescribed automobile hand controls to accommodate Booker's defective foot. Boh Brothers refused to pay for these medical benefits.

Booker brought a claim for benefits under the Longshore Act and the dispute was not resolved administratively. The case was then heard by an ALJ, who found in favor of

Booker. The ALJ ordered Boh Brothers to pay Booker temporary total disability, interest on accrued unpaid compensation benefits and attorney's fees, and to provide the medical benefits and hand controls. Boh Brothers appealed to the BRB, which affirmed the ALJ's decision in all respects. Boh Brothers then appealed to this Court.

## II. STANDARD OF REVIEW

The Longshore Act gives jurisdiction to this court over appeals from decisions of the BRB. 33 U.S.C. § 921(c) (1994). The decision of an ALJ is affirmed by the BRB "if supported by substantial evidence in the record considered as a whole." § 921(b)(3). The decision of the BRB is reviewed for whether it "correctly concluded that the decision of the administrative law judge is supported by substantial evidence on the record as a whole and is in accordance with the law." Diamond M. Drilling Co. v. Marshall, 577 F.2d 1003 (5th Cir. 1978); accord Conoco, Inc., v. Director, OWCP, 194 F.3d 684, 687 (5th Cir. 1999); Ingalls Shipbuilding, Inc. v. Director, OWCP, 991 F.2d 163, 165 (5th Cir. 1993); Avondale Indus. v. Director, OWCP, 977 F.2d 186, 189 (5th Cir. 1992). "The substantial evidence standard is less demanding than that of preponderance of the evidence, and the ALJ's decision need not constitute the sole inference that can be drawn from the facts." Avondale, 977 F.2d at 189. However, substantial evidence "must do more than create a suspicion of the existence of the fact to be established." NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300 (1939). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

3

## III. DISCUSSION

Boh Brothers' argument that this Court should review the record de novo is without merit. The case cited by Boh Brothers, Avondale Industries, Inc. v. Alario, 355 F.3d 848, 851 (5th Cir. 2003), stands for the unremarkable proposition that conclusions of law are reviewed de novo. Medical causation under § 20(a) of the Longshore Act mandates that claimant make a prima facie case for harm caused by work conditions. 33 U.S.C. § 920(a) (1994). The burden then shifts to the employer to rebut this presumption with medical evidence. Conoco, 194 F.3d at 687–88. Upon satisfaction of this burden, the ALJ must make his determination based on the preponderance of the evidence. Gooden v. Director, OWCP, 135 F.3d 1066, 1068 (5th Cir. 1998). Boh Brothers argues that although the ALJ and BRB appeared to conduct the requisite burden-shifting regimen, "the practical effect of their decision in the case" was to presume coverage for the claimant. This approach aims to reframe the ALJ's factual findings as mistaken conclusions of law subject to de novo review and, as such, has no merit. This court will assess the sufficiency of the evidence in support of the ALJ and BRB's conclusions with the deference appropriate to the "substantial evidence" standard.

The evidence available to the ALJ demonstrated that the knee injury sustained by Booker, initially diagnosed as a contusion, was in fact a more serious tear of the medial meniscus. After surgery, Booker regained normal range of motion but complained of diffuse numbness. This neurological irregularity led to more serious complications, including pain and minor paralysis. Shortly thereafter, Booker complained of foot, hip and

4

back problems consistent with complications arising from a knee injury and surgery.

During this time, Booker saw several doctors to help him with his knee, foot and back problems. Although their diagnoses at times differed, all of the doctors testified with varying degrees of support for Booker's medical problems. Dr. Cohen initiated Booker's care and saw the need for surgery. Dr. Hinton performed the surgery and reported Booker's complaints of numbness shortly thereafter. Both he and Dr. Odenheimer suspected that Booker's back problems were being caused by an irregular gait resulting from related foot and knee problems, and ordered further treatment. Even Dr. Sconzert, who expressed some skepticism about Booker's injury, only suggested that the symptoms of the foot drop might have been exaggerated, not imaginary.

## IV. CONCLUSION

Boh Brothers cites testimony in which Dr. Odenheimer indicates that he concluded that the initial knee injury caused the foot drop in part because the foot drop happened shortly after the injury. Boh Brothers suggests that this medical logic of "post hoc, ergo propter hoc . . . is not the law and, as such, should not be applicable here." Counsel for Boh Brothers does not make the distinction between findings of fact and conclusions of law. In fact, there are no established legal standards for determining whether foot drop is related to a knee injury. Rather, the relevant legal standards assess the admissibility of expert opinion for the purpose of assisting the fact finder. The present issue is whether the factual conclusions of the ALJ are supported by substantial evidence in the record. We find that they are. The decision of the BRB is therefore AFFIRMED.