# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60764

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2019

Lyle W. Cayce
Clerk

WALTER THOMAS JR.,

Plaintiff-Appellant

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-64

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges,

PER CURIAM:[*]

Walter Thomas, Jr. owns a one-third share in a Mississippi construction business. After one of the houses the company built sat on the market for four months, Thomas purchased a house and home insurance policy with coverage against fire loss with Allstate Vehicle and Property Insurance Company (Allstate). Thomas was the only listed beneficiary on the policy. Thirteen days after the policy issued, the residence was partially destroyed by fire, and Thomas filed a claim for payment with Allstate. Allstate's investigation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reported that the cause of the fire was arson and "included intentional human involvement."

Thomas's policy with Allstate required that, in the event of a loss, he (1) "submit to examinations under oath" as often as Allstate reasonably required, and (2) give Allstate "all accounting records, bills, invoices, and other vouchers or certified copies which [it] may reasonably request to examine." The policy further stated that Allstate had "no duty to provide coverage" if Thomas failed to comply with the requirements and his noncompliance prejudiced Allstate.

Thomas provided two statements that were recorded and transcribed by Allstate insurance agents regarding the claim, and his business partners provided statements as well. Allstate then scheduled an examination under oath, to which Thomas initially agreed. However, Thomas balked when Allstate requested that he bring personal financial records to the examination, including, among other things, federal and state income tax returns for the previous three years and bank statements from the previous year. When Allstate requested these documents, Thomas's counsel threatened a lawsuit for bad faith, describing the request as "completely overbroad and burdensome." Thomas refused to sit for an examination, provide the requested financial documentation, or give Allstate authorization to obtain the information from third parties such as employers, banks, and the IRS. Allstate then sent two letters requesting that Thomas sit for an examination under oath and provide the requested financial documentation. Thomas agreed to provide an affidavit attesting to his previous recorded statements and to allow access to the damaged property, but nothing more. Allstate thereafter denied coverage based on Thomas's refusal to cooperate with the company's investigation in violation of the terms of his policy.

No. 17-60764

Thomas filed suit, alleging that Allstate breached the insurance contract and acted in bad faith by refusing to pay for the fire damage.  Allstate moved for summary judgment, arguing that there was no genuine dispute as to the material fact that Thomas "failed to cooperate in Allstate's investigation" of the fire because he (1) refused to submit to an examination under oath and (2) refused to provide access to financial records material to whether he had a motive to commit arson.  The district court granted Allstate's motion for summary judgment, concluding that, under the terms of Thomas's policy, "there is no question that [he] had a duty to submit to an examination under oath."  The district court also found that the financial records requested by Allstate—including "personal financial records, records of payments made for construction of the property, federal and state income tax records, credit card and bank statements, a full financial statement, and personal cell phone records for a month prior to the fire and forty-eight hours after"—were "material to an insurer's arson investigation" because they were related to determining whether Thomas's financial status might have provided him with a motive to commit arson.  Because such records were material to the arson investigation, the district court concluded that Allstate's requests were reasonable.

We review the district court's grant of summary judgment de novo. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment will be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "In a diversity case such as this one, we apply state substantive law"—here, Mississippi law.  *See Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir. 2011).

No. 17-60764

The Mississippi Supreme Court has held that an examination under oath and financial records such as those requested by Allstate are material to an insurer's arson investigation, as they may reveal whether the insured had a motive to commit the arson. *See, e.g.*, *Monticello Ins. Co. v. Mooney*, 733 So. 2d 802, 808 (Miss. 1999). Where arson is the cause of the underlying claim for coverage, an insurance company's requests for additional material financial documents that may reveal a motive for arson by the insured are reasonable as a matter of law. *See, e.g.*, *McPhail v. State Farm Fire & Cas. Co.*, 992 F.2d 325, 1993 WL 152061, at *1, *5 (5th Cir. 1993).[1] Because the district court found that "there is no dispute that the cause of the fire was arson," Thomas's argument that he cannot be compelled to turn over material financial information fails. *See Allison v. State Farm Fire & Cas. Co.*, 543 So. 2d 661, 663 (Miss. 1989).

Therefore, Allstate was entitled to summary judgment because Thomas refused to submit to an examination under oath and provide financial information material to Allstate's arson investigation. Accordingly, the district court's judgment is AFFIRMED.

---

[1] *McPhail*, while unpublished, is precedential because it was issued before January 1, 1996. *See* 5TH CIR. R. 47.5.3; *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359 & n.3 (5th Cir. 2002).

4